

**JUDGE KATHLEEN CARDONE**

Pamela Enriquez
2028 Rogelio
El Paso, TX 79902
(915) 706-8590
Enriquezpam56@gmail.com

**Plaintiff, Pro Se**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| PAMELA ENRIQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY BANKERS LIFE INSURANCE COMPANY, an Oklahoma Corporation<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§ **EP23CV0397**<br>§<br>§<br>§<br>§<br>§<br>§ |

### PLAINTIFF'S ORIGINAL COMPLAINT:

Plaintiff, PAMELA ENRIQUEZ, brings this action against Defendant, LIBERTY BANKERS LIFE INSURANCE COMPANY, and alleges based on personal knowledge, and information and belief, as follows:

### PRELIMINARY STATEMENT:

1.  As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. . . . For

1

nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Pol. Consultants LLC*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff Pamela Enriquez ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that Defendant LIBERTY BANKERS LIFE INSURANCE COMPANY sent a series of prerecorded telemarketing calls for the purposes of commercial solicitation by contacting Plaintiff's cellular telephone number listed on the National Do-Not-Call Registry, which is prohibited by the TCPA.

3. Plaintiff never consented to receive any of these phone calls, which were placed to her for telemarketing purposes.

## PARTIES:

4. The Plaintiff is PAMELA ENRIQUEZ ("Plaintiff," "Enriquez"), a natural person, who resides in El Paso, Texas, and is a citizen of the State of Texas, and was the individual who received the alleged phone calls in this case on his private mobile telephone, and was a resident of Texas during the calls, in this case in El Paso County, Texas.

5. Defendant LIBERTY BANKERS LIFE INSURANCE COMPANY ("Liberty") is a corporation organized and existing under the laws of Oklahoma, headquartered in Texas, and can be served via its registered agent Northwest Registered Agent, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

6. **Jurisdiction**. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Ser's., LLC*, 565 U.S. 368, 372 (2012).

7. **Personal Jurisdiction**. This Court has general personal jurisdiction over the defendant because the defendant is headquartered in Texas.

8. **Venue.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims the calls and sale of goods and services directed at Texas residents, including the Plaintiff occurred in this District and because the Plaintiff was residing in the Western District of Texas when he received a substantial if not every single call from the Defendants that are the subject matter of this lawsuit.

## Statutory Background

## The Telephone Consumer Protection Act

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

### The TCPA Prohibits Automated Telemarketing Calls

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ... or any service for which the called party is charged for the call." See 47 U.S.C. § 227(b)(l)(A)(iii).

11. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(l)(A). See 47 U.S.C. § 227(b)(3).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater

nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The National Do-Not-Call Registry

15. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

17. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

### The Texas Business and Commerce Code § 302.101

18. The Texas Business and Commerce Code requires sellers to obtain a registration certificate from the Secretary of State in order to make telephone solicitations inside the state of Texas or to residents located in the state of Texas.

19. The Plaintiff may seek damages for violations of Texas Business and Commerce Code § 302.101 of up to $5,000 per violation, reasonable costs of prosecuting the action, court costs, investigation costs, depositions expenses, witness fees, and attorney's fees.

20. Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code §302.303.

### FACTUAL ALLEGATIONS

21. Defendant provides insurance to people in Texas and nationwide.

22. Defendant routinely violates the TCPA as a part of their business model and knowingly and willfully commit TCPA violations.

23. Defendant uses telemarketing to promote their products and services.

24. Defendant's telemarketing efforts include the use of automated dialing equipment to send automated calls and prerecorded voice message calls.

25. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number ending in 6018.

26. Plaintiff's phone number is her private cell phone number.

27. Plaintiff's phone number is registered with AT&T as her personal telephone number and not as a business telephone number.

28. Plaintiff's personal cellular telephone number (915) 449-6826 has been registered on the National Do-Not-Call Registry since May 4, 2023.

29. Plaintiff registered her phone number on the National Do-Not-Call Registry in order to obtain solitude from invasive and harassing telemarketing calls. The telemarketing calls prevented Plaintiff from using her phone for legitimate purposes.

30. The Plaintiff has received at least thirty (30) telemarketing calls between September 2023 and October 22, 2023. Each of these telemarketing phone calls began with a prerecorded message utilizing interactive computer technology "This is Emily Wilson with Senior Benefits."

31. Plaintiff began tracking the calls after having received at least 20 harassing prerecorded message calls from Emily Wilson. The missing calls from this Complaint will be revealed during Discovery.

32. Plaintiff has been bombarded with these phone calls despite Plaintiff being 26 years of age and not eligible for senior life insurance.

33. Plaintiff gave multiple Do Not Call requests in September 2023 and informed the representatives she was not eligible for the insurance and to stop calling.

34. Plaintiff out of frustration gave her phone to a friend who is old enough to qualify for the insurance.

35. On October 17, 2023, Plaintiff received a phone call displaying 409-895-7498 on the caller identification. Plaintiff answered the phone and the "Emily Wilson" message began to play. Plaintiff handed the phone to her friend for the purpose of identifying the culprit.

36. Plaintiff's friend went through the process of applying for the insurance and was transferred to a Liberty representative who questioned Plaintiff's friend about his medical history.

37. Plaintiff recorded the phone call in paragraph 36.

38. The following is a table detailing the telephone calls sent by Defendant to the Plaintiff's cell phone number:

**TABLE A:**

| Call: | Date: | Caller ID: | Time: | Notes: |
|---|---|---|---|---|
| 1 | 10/04/2023 | 832-271-4464 | 9:21 am | Emily Wilson prerecorded message |
| 2 | 10/05/2023 | 915-701-2124 | 10:33 AM | Emily Wilson prerecorded message |
| 3 | 10/05/2023 | 915-493-7804 | 12:13 PM | Emily Wilson prerecorded message |
| 4 | 10/16/2023 | 817-479-3479 | 1:26 PM | Emily Wilson prerecorded message |
| 5 | 10/16/2023 | 516-246-5658 | 4:36 PM | Emily Wilson prerecorded message |
| 6 | 10/16/2023 | 915-284-5882 | 11:16 AM | Emily Wilson prerecorded message |
| 7 | 10/16/2023 | 915-228-4859 | 2:19 PM | Emily Wilson prerecorded message |
| 8 | 10/16/2023 | 956-797-9862 | 2:20 PM | Emily Wilson prerecorded message |
| 9 | 10/17/2023 | 346-267-3014 | 3:14 PM | Emily Wilson prerecorded message |
| 10 | 10/17/2023 | 719-642-9091 | 10:08 AM | Emily Wilson prerecorded message |

| 11 | 10/17/2023 | 409-895-7498 | 4:12 PM | Emily Wilson prerecorded message – spoke with Liberty Bankers. One hour 12 minute phone call. |

39. Plaintiff was not interested in Defendant's senior life insurance services because she is not old enough to qualify for their products.

40. Defendant did not have Plaintiff's prior express *written* consent to make any of these telemarketing calls.

41. Defendant did not have Plaintiff's prior express consent (oral or otherwise) to make any of these telemarketing calls.

42. Upon information and belief, Defendant did not scrub their calling lists against the National Do-Not-Call Registry.

43. Upon information and belief, Defendant does not train their employees and representatives in order to comply with "Do-Not-Call requests" made by consumers, such as Plaintiff. As demonstrated in the above-allegations, Defendant did not stop calling Plaintiff's phone number when they were told to stop calling.

44. Plaintiff pays for each incoming and outgoing call on her telephone under an unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

45. Plaintiff received the calls on her private mobile telephone, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii). Plaintiff's telephone number is registered with AT&T as a cellular telephone number and is used for personal purposes.

46. These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

47. Defendant is not an organization exempt from the TCPA.

48. Defendant's calls to Plaintiff were "telephone solicitations" as defined by the TCPA.

49. Defendant's calls to Plaintiff were "unsolicited advertisements" as defined by the TCPA.

50. Plaintiff is informed and believes and thereon alleges that all calls, in this case, were initiated using an automatic telephone dialing system that plays an artificial and/or pre-recorded voice message when the call is answered.

51. In summary, Plaintiff received at least eleven (11) telemarketing calls from Defendant to Plaintiff's personal cell phone number which is registered on the National Do-Not-Call list. Each of these phone calls was made utilizing a pre-recorded interactive voice system in violation of 47 U.S.C. § 227(b)(1)(A).

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES
## AS A RESULT OF THE CALLS

52. Defendant's calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

53. Defendant's calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

54. Defendant's calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

55. Defendant's calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

56. The Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of her cell phone.

### Plaintiff's Cell Phone is a Residential Number

57. The calls were to the Plaintiff's cellular phone (915) 449-6826 which is the Plaintiff's personal cell phone that she uses for personal, family, and household use. The Plaintiff maintains

no landline phones at her residence and has not done so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. Plaintiff does not use her cell phone for any business purposes.

## CAUSES OF ACTION

### I. FIRST CLAIM FOR RELIEF

**(Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))**

58. Plaintiff incorporates and realleges, as though fully set forth herein, in paragraphs 1-57.

59. The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to Plaintiff's cellular telephone numbers without her prior express written consent.

60. Plaintiff was statutorily damaged at least eleven (11) times under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 per call.

61. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(b)(3)(C) for this willful or knowing violation.

62. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff also seeks a permanent injunction prohibiting Defendant and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

### II. SECOND CLAIM FOR RELIEF

**(Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227(c) et seq.)**

63. Plaintiff incorporates and realleges, as though fully set forth herein, in paragraphs 1-57.

64. Defendants called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

65. Plaintiff was statutorily damaged at least eleven (11) times under 47 U.S.C. § 227(c)(3)(F) by the Defendant by the telephone calls described above, in the amount of $500.00 per call.

66. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5) for each and every willful or knowing violation.

67. As a result of Defendant and Defendant's agents' violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2), Plaintiff seeks for herself $500 in statutory damages, or $1,500.00 if trebled, for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

68. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff also seeks a permanent injunction prohibiting Defendant and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

### III.   FOR RELIEF

WHEREFORE, Plaintiff Pamela Enriquez prays for judgment against the defendant jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOES as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendant violates the TCPA and Texas state law;

C. An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $3000 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation for eleven (11) calls.

E. An award to Plaintiff of damages, as allowed by law under the TCPA;

F. An award to Plaintiff of pre-judgment and post-judgment interest, and costs, as allowed by law and equity

G. Such further relief as the Court deems necessary, just, and proper.

Dated: October 27, 2023

Respectfully submitted,

*Pamela Enriquez*

Pamela Enriquez
Plaintiff, Pro Se
2028 Rogelio
El Paso, TX 79902
915-449-6826
Pamelaenriquezrn56@gmail.com

I. **Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: October 27, 2023

*Pamela Enriquez*

Pamela Enriquez
Plaintiff, Pro Se
2028 Rogelio
El Paso, TX 79902

915-383-449-6826
Pamelaenriquezrn56@gmail.com

13