# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| PAMELA ENRIQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. EP-23-CV-397-KC |
| | § | |
| LIBERTY BANKERS LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day, the Court considered Defendant's Motion to Set Aside Entry of Default and for Leave to File Answer ("Motion"), ECF No. 7. The clerk of Court entered default against Defendant on December 11, 2023. Clerk's Entry of Default, ECF No. 5. Defendant filed its Motion the following week, requesting that the Court set aside the default and allow Defendant to file its Answer. Mot. 1. When Defendant filed its Motion, it had not received a response from Plaintiff as to whether she was opposed to the Motion. Mot. 9. But shortly after filing its Motion, Defendant filed a Supplement to the Motion to Set Aside Entry of Default ("Supplement"), ECF No. 9, informing the Court that Plaintiff responded that she is not opposed to the relief sought in the Motion. Suppl. 1.

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." "'[G]ood cause' is not susceptible of precise definition," *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992), and "[t]he decision to set aside a default decree lies within the sound discretion of the district court." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985). But courts should consider at least three factors in deciding whether to set aside default: (1) "whether the default was willful;" (2) "whether setting it aside

would prejudice the adversary;" and (3) "whether a meritorious defense is presented." *Dierschke*, 975 F.2d at 183–84. Here, Defendant requests that default be set aside because, Defendant attests, "its counsel was unaware service of process as to Liberty had been perfected," setting aside default would not prejudice Plaintiff, and Defendant has a potentially meritorious defense to Plaintiff's claims that it has raised in its Answer. Mot. 3–8.

For these reasons, and in light of Plaintiff's non-opposition, Defendant's Motion, ECF No. 7, is **GRANTED**. The Clerk's Entry of Default, ECF No. 5, is **VACATED**.

**SO ORDERED.**

SIGNED this 20th day of December, 2023.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE