# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| PAMELA ENRIQUEZ, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | C.A. NO. 3:23-CV-00397 |
| LIBERTY BANKERS LIFE | § | |
| INSURANCE COMPANY, an | § | |
| Oklahoma Corporation, | § | |
| | § | |
| Defendant. | § | |

---

## DEFENDANT'S MOTION TO COMPEL, TO GRANT LIBERTY LEAVE TO TAKE DEPOSITIONS AND FILE DISPOSITIVE MOTIONS OUTSIDE DEADLINES IN SCHEDULING ORDER, AND FOR SANCTIONS

---

TO THE UNITED STATES DISTRICT JUDGE:

Pro-se Plaintiff, Pamela Enriquez ("Enriquez"), has failed to make any response to the First Omnibus Discovery Requests ("Omnibus Discovery") served on her by Defendant Liberty Bankers Life Insurance Company ("Liberty"), despite an extension of the deadline and an unkept promise to do so. Liberty moves the Court for an Order:

1. Compelling Enriquez to, within 5 days of the Court's Order 1) answer the Interrogatories in the Omnibus Discovery, in writing

and under oath, fully and without objection; 2) produce all documents and tangible things requested in the Requests for Production in the Omnibus Discovery;

2. Finding that all potential objections to the Interrogatories, Request for Production, and Requests for Admissions in the Omnibus Discovery have been waived by Enriquez;

3. Granting Liberty leave to take depositions, if need be, for 30 days after Enriquez serves its answers to interrogatories and produces documents and tangible things in response to the Omnibus Discovery as ordered by the Court and granting Liberty leave to file a dispositive motion until 30 days after the extended deadline for Liberty to take depositions as requested above;

4. Awarding Liberty its reasonable expenses, including attorney's fees, in compelling Enriquez to comply with her discovery obligations in connection with the Omnibus Discovery;

5. Establishing further sanctions should Enriquez fail to comply with this Order.

## I. PERTINENT FACTS

1. Enriquez brings this case, *pro se*, under the Telephone Consumer Protection Act ("TCPA"). *Doc. 1.*

2. Pursuant to Fed. R. Civ. P. 16(b), 26(f) and Local Rule 16, the parties conducted a planning meeting on February 12, 2024 agreeing that discovery would be completed by August 19, 2024, and that dispositive

motions would be filed by, and an alternative form of dispute resolution would occur no later than, September 12, 2024.  *Doc. 15.*

3.     The Court thereafter entered a Scheduling Order setting, among others, the following deadlines:

- Fact Discovery                                           August 19, 2024

- Dispositive Motions                                 September 12, 2024

- Alternative Dispute Resolution          September 12, 2024

*Doc. 16.*

5.     On May 31, 2024, Liberty served Plaintiff with its Omnibus Discovery which included Interrogatories, Requests for Production and Requests for Admissions.  *See* the Declaration of Melissa Johnson, attached hereto or filed in the Appendix as ***Exhibit 1*** ("Johnson Declaration") offered in support of this Motion, *at Exhibit 1-1.*  The Omnibus Discovery was served in good faith for the purposes of securing information that is important to Liberty in the investigation and preparation of its defense and counsel believes it conforms with the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court. *Exhibit 1.*

6.     On June 28, 2024, Enriquez sent counsel for Liberty the following email:

> Hello good morning. I'm requesting a 30 day extension to respond to Liberty's discovery requests. Please let me know if Liberty opposes. Thank you.
>
>
> Pam

*Exhibit 1; Exhibit 1 at Exhibit 1-2.*

     3.     Ms. Johnson responded that day by email as follows:

> Given the upcoming deadlines and mediation, our client is agreeable to an extension of your deadline to respond to the discovery currently due on July 1st until July 15, 2024.
>
>
> **Melissa A. Johnson**

*Exhibit 1; Exhibit 1 at Exhibit 1-3.*

     4.     On July 18, 2024, ***<u>after the agreed deadline had come and gone</u>***, Enriquez emailed the following:

> Hello, good morning. I apologize for the delay. I will have my discovery responses returned to you by Monday 7/22 end of day.
>
> Sincerely.
> Pam

*Exhibit 1; Exhibit 1 at Exhibit 1-4.*

     5.     Ms. Johnson responded as follows on July 19th:

Dear Ms. Enriquez:

As you will recall, and as reflected below, our client was agreeable to extend the deadline for you to respond to the discovery for 2 weeks, but not beyond that, given the pending deadlines. Given your failure to timely provide discovery within that extended timeframe, our position is that all objections you may have to the discovery have been waived, that all responses must be made without objection, and that our requests for admissions have been deemed admitted. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) (as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived); Fed. R. Civ. P. 33(b)(4) ("Any ground [for an objection] not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *see also Pruitt v. FAB Tech. Downhole, LLC*, No. MO:22-CV-00151-DC-RCG, 2023 U.S. Dist. LEXIS 220346, at *3 (W.D. Tex. 2023):

Specifically, as to requests for admission, Rule 36(a)(3) states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Therefore, all Plaintiff's requests for admission served on February 20, 2023 are deemed admitted. Fed. R. Civ. P. 36(a)(3). Further, "as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 283 (N.D. Tex. 2017) (quoting *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)); *see also Henderson v. Union Pac. R.R. Co.*, No. CV 15-0669, 2016 U.S. Dist. LEXIS 141360, 2016 WL 5936889, at *2 (W.D. La. Oct. 11, 2016) ("Although Rule 34 does not provide that untimely objections are waived, the Fifth Circuit has found that the waiver provision applies equally to Rule 34." (citing *In re United States*, 864 F.2d at 1156)). Thus, Defendant has also waived all objections to Plaintiff's interrogatories and requests for production served on February 20, 2023.

In the meantime, we anticipate receipt of your discovery responses and documents on Monday.

Sincerely,

Melissa Johnson

*Exhibit 1; Exhibit 1 at Exhibit 1-5.*

6.     Enriquez did not respond to that email. She also did not thereafter answer or respond to the Omnibus Discovery or produce responsive documents and tangible things (collectively "Respond to the Omnibus Discovery"). *Exhibit 1.*

7.     In a good faith effort to confer prior to filing this motion without court intervention, on August 12, 2024, Ms. Johnson forwarded the following email to Enriquez:

Ms. Enriquez:

    This letter is an attempt to confer in good faith to obtain discovery from you without the necessity of Court intervention.

    We do not show that we have yet received any responses, answers, or production from you despite our agreement to extend the deadline for you to respond to Liberty's First Omnibus Discovery Requests to you until July 15, 2024. If this is incorrect, please let me know and provide proof of service.

    Otherwise, please be advised that if we do not receive the discovery from you by the end of the day on Wednesday, August 14th, our client intends to file a motion to compel you to produce the discovery with the Court. In and by that motion, Liberty also plans to ask for sanctions under Fed. R. Civ. P. 37 for your failure to comply with the discovery obligations set forth in the Federal Rules of Civil Procedure, including its reasonable attorneys' fees caused by your failure to comply.

Sincerely,

Melissa Johnson

*Exhibit 1; Exhibit 1 at Exhibit 1-7.*

8.     No response to the August 12, 2024 email or the Omnibus Discovery was received. *Exhibit 1.*

9.     In another good faith effort to confer prior to filing this motion without court intervention, Ms. Johnson emailed Enriquez a draft of this motion on August 16, 2024 indicating that she would not file the Motion (without waiver of Liberty's right to seek leave to conduct additional depositions after the discovery deadline and to seek leave to file its

dispositive motion after the deadline for same) if the Omnibus Discovery answers and responsive information was produced before 4:00 P.M. on Monday, August 19th.

10.     Thereafter, Ms. Johnson's office followed up with a call to Enriquez to that effect.  *Exhibit 1.*  Ms. Enriquez did not answer her phone and there was not an opportunity to leave a voice message.  No Response to the Omnibus Discovery was made by that time necessitating the filing of this Motion. *Exhibit 1.*

11.     Enriquez's failure to comply with her discovery obligations has prejudiced Liberty in that her delay and evasion has now made it impossible for Liberty to review her discovery and take her deposition, if need be, prior to the August 19th discovery deadline.  *Exhibit 1.*  Further, the deadline for Liberty to file its motion for summary judgment is on September 12th, yet due to Enriquez's discovery evasion, it has no Response to its Omnibus Discovery (or further depositions, if need be) to do so.

12.     Fourteen hundred eighty-five dollars and fifty cents ($1485.50) is the reasonable amount of attorney's fees incurred by Liberty in attempting to secure a Response to the Omnibus Discovery prior to making this Motion and in researching and drafting the Motion. This sum represents 4.7 attorney

hours at the regular and reasonable hourly fee for Mr. Madden of $365 per hour (.1 hours) and of Ms. Johnson at $315.00 per hour (4.6 hours). *Exhibit 1.*

13.     Should the Court require an in-person hearing on the Motion, additional reasonable and necessary attorneys' fees including Mr. Madden's anticipated travel time each way of a total of 4 hours billed at 182.50 an hour and time to argue the Motion in an estimated amount of .5 hour billed at the regular and reasonable hourly fee of $365.00 per hour and expenses for the flight to and from Dallas to El Paso in the estimated amount of $ 190.00 (for a total additional award of $1,011.25) for a total of $2,496.75 will be incurred and should be awarded. *See Exhibit 1.*

## II.     LEGAL BASIS FOR MOTION

### A.     *The Relief Sought by the Motion Is Appropriate.*

1.     Fed. R. Civ. P. 37(d) states that, instead of or in addition to ordering a response, the court "must" make an order requiring the party who failed to respond to a discovery request pay the moving party's reasonable expenses, including attorney's fees, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Neither exist here.

2.     Fed. R. Civ. P. 37(d)(3) expressly authorizes a court to impose sanctions, including "any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)," when a party deliberately disobeys a court order regarding discovery.

3.     Requiring Enriquez to Respond to the Omnibus Discovery within a time certain after the Court's Order requiring her to do so establishes a definite date for measuring compliance and is certainly reasonable given that her response deadline has long since passed.

4.     Further, requiring Enriquez to answer the Interrogatories in the Omnibus Discovery fully and without objection is proper because any objections have been waived by virtue of Enriquez's failure to provide a written response within the time allowed by Rule 33(b)(2). *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived …"). The objections are also waived as to the document requests and requests for admissions.  *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) (as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived); *see also Pruitt v. FAB Tech. Downhole, LLC*, No. MO:22-CV-00151-DC-RCG, 2023 U.S. Dist. LEXIS 220346, at *3 (W.D. Tex. 2023); Fed. R. Civ. P. 36(a)(3) ("[a] matter is admitted unless, within 30 days after being served,

the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.")

5. The sanctions that should follow from disobedience should be severe enough to motivate compliance and to assure that Enriquez is sincere in her desire to prosecute this action. Here, the Omnibus Discovery is not limited to a discrete issue. Therefore, an order deeming certain facts as established or precluding Enriquez from introducing any evidence on an issue would be inappropriate. Unless the court is prepared to impose the ultimate sanction now, dismissing the action, an order compelling Enriquez to respond by a definite date on pain of further sanctions is completely appropriate. *See e.g. Rudkin v. Roger Beasley Imps., Inc.,* No. A-17-CV-849-LY, 2018 U.S. Dist. LEXIS 128466, at *5 (W.D. Tex. 2018)(sanctions warning given in case in which there was an admitted failure to fully participate in discovery due to attorneys' difficulty in obtaining responses from client but an assertion that much of the information was already in opposing parties' possession).

**B.** *There Are No Excuses Available for Failing to Respond.*

6. As noted above, the Omnibus Discovery was served in good faith for legitimate purposes. In any event, Rule 37(d)(2) expressly states that the failure to serve a response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."

**C.** *An Award of Expenses Is Justified.*

7. Because virtually no justification is conceivable or has been offered to date for the complete failure to make a Response to the Omnibus Discovery, the Court should award reasonable expenses. *See e.g., Resolution Trust Co. v. Southern Union Co.,* 985 F.2d 196, 197 (5th Cir. 1993); *see also* 7 *Moore's Federal Practice,* § 37.97[1] (Matthew Bender, 3d ed.). The sanctions authorized by Rule 37(d) do not require any showing that the responding party's failure to comply with its discovery obligations was willful. Unintentional and accidental failures are subject to the sanctions provided by Rule 37(d). *See e.g., Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group,* 55 F.3d 463, 466 (9th Cir. 1995) (sanctions for failure to appear at deposition).

**D.** **_Liberty Should be Granted Leave to Take Depositions and to File a Dispositive Motion Outside the Deadlines in the Scheduling Order._**

8.      "A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing clear abuse." *Beattie v. Madison Cty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000).

9.      Here, Liberty propounded its Omnibus Discovery in plenty of time for Enriquez to respond and for it to review the response and determine whether other depositions necessary.  When asked, Liberty agreed to a two-week extension, but not to a month extension, given the existing deadlines. Yet, instead of complying with her discovery obligations, even as extended, she chose to evade them – leading to what can only be a purposeful attempt to run out the discovery deadline. This Court should not allow such gamesmanship—even by a *pro se* Plaintiff.

10.      Liberty was diligent in seeking discovery in time that it could comply with the deadlines in the Scheduling Order. Liberty attempted to work with Enriquez, a *pro se* Plaintiff, to provide her an extension that would not prejudice its ability to represent its client.  Yet, Enriquez, despite promise

that she would provide discovery, Enriquez failed to comply. Under these circumstances, there is good cause to extend the deadline for Liberty to take further depositions, if need be, until 30 days after Enriquez serves a Response to the Omnibus Discovery, and for the Court to grant Liberty leave to file its dispositive motion until 30 days after the extended deadline for Liberty to depose Enriquez requested above. *See e.g. Rudkin v. Roger Beasley Imps., Inc.,* No. A-17-CV-849-LY, 2018 U.S. Dist. LEXIS 128466, at *5 (W.D. Tex. 2018)(ordering, among other things, that Plaintiff that had not fully or adequately responded to discovery comply fully by a date certain, that failure to comply will result in more severe sanctions, and that Defendant shall have 60 days after the receipt of Plaintiff's supplemental discovery responses to conduct depositions of any witnesses it chooses, and Plaintiff may not take any depositions of his own); *see also Noyes v. Kelly Services*, 488 F.3d 1163, 1174 (9th Cir. 2007) (holding relief from a scheduling order should have been granted to allow the plaintiff in a Title VII action to take the deposition of a "central defense witness" who had "final decision-making authority over the promotion" and who told at least two of the other employees involved that the plaintiff "was not interested in receiving the promotion"; the deposition was originally noticed to take place

two weeks prior to the close of discovery, was pushed past the discovery deadline due to several rescheduling requests by the defendant, the parties stipulated to an extension of the discovery deadline to permit the deposition which the court took no action on, and the witness then failed to appear, leaving the plaintiff with no other recourse and insufficient time to utilize the testimony in opposing summary judgment. On these facts, prejudice and diligence were established such that denial of the Rule 16(b) motion was an abuse of discretion).

11.    Granting such leave would also serve the interests of justice by diminishing the prejudice caused Liberty because of Enriquez's discovery abuse, would not reward her for her discovery abuse by extending her deadlines for fact discovery or dispositive motions,[1] and would serve judicial expediency and conserve the resources of the parties so that neither they, nor the Court, would have to consider this issue at another time.

---

[1]*See Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997)("District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case").

## IV.   PRAYER

WHEREFORE Defendant, Liberty Bankers Life Insurance Company, prays that the Court grant this Motion; enter an Order:

1.     Compelling Enriquez to, within 5 days of the Court's Order: a) answer the Interrogatories in the Omnibus Discovery, in writing and under oath, fully and without objection; and b) produce all documents and tangible things requested in the Requests for Production in the Omnibus Discovery;

2.     Finding that all potential objections to the Interrogatories, Request for Production of Documents, and Requests for Admissions in the Omnibus Discovery have been waived by Enriquez;

3.     Awarding Liberty its reasonable expenses, including attorney's fees, in compelling Enriquez to comply with her discovery obligations in connection with the Omnibus Discovery;

4.     Granting Liberty leave to take depositions, if need be,  until 30 days after Enriquez serves its answers interrogatories and produces documents and tangible things in response to the Omnibus Discovery as ordered by the Court and granting Liberty leave to file a dispositive motion until 30 days after the extended deadline for Liberty to take depositions as requested above; and

5.     Establishing further sanctions should Enriquez fail to comply with this Order.

Further, Liberty prays that the Court grant it such other and further relief to which it is entitled to at law or equity.

August 19, 2024.                    Respectfully submitted,

/s/ Mitchell Madden
Mitchell Madden
State Bar No. 12789350
Email: mmadden@hjmmlegal.com
**HOLMGREN JOHNSON:**
**MITCHELL MADDEN, LLP**
12801 North Central Expressway, Suite 140
Dallas, Texas 75243
Telephone: 972-484-7780
Facsimile: 972-484-7743

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

As set forth in the body of this Motion and in my Declaration, the undersigned has attempted in good faith to resolve the issues raised in this motion with Plaintiff prior to filing same. However, the issues could not be resolved prior to filing this motion.

/s/ Melissa Johnson
By:_____
Melissa Johnson

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 19, 2024, I served all parties and counsel of record in accordance with the Federal Rules of Civil Procedure via CM/ECF.

By: <u>     /s/ Mitchell Madden     </u>
              Mitchell Madden

**Exhibit**

**1**

exhibitsticker.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| PAMELA ENRIQUEZ, | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | **C.A. NO. 3:23-CV-00397** |
| **LIBERTY BANKERS LIFE** | § | |
| **INSURANCE COMPANY, an** | § | |
| Oklahoma Corporation, | § | |
| | § | |
| **Defendant.** | § | |

_____

## DECLARATION OF MELISSA JOHNSON
_____

I, MELISSA JOHNSON, declare:

1.      "My name is Melissa Johnson, and I am over the age of 21, am legally competent, and have never been convicted of a felony or a crime involving moral turpitude.  The facts stated in this Declaration are within my personal knowledge and are true and correct.

2.      I am a lawyer licensed to practice by the State Bar in Texas and Idaho and my law firm, the Law Office of Melissa Johnson, PLLC, of which I am the sole member and manager, is a partner in the law firm of Holmgren Johnson: Mitchell Madden, LLP ("HJMM" or the "Firm").  The Firm was retained by Liberty Bankers Life Insurance Company ("Liberty" or "Defendant") to represent it in connection with the claims made by Plaintiff, Pamela Enriquez ("Enriquez") brought against Liberty.  I am one of the lawyers for Liberty in this case and have obtained personal knowledge of the facts stated herein from my work in that regard.

3.      On May 31, 2024, Liberty served Enriquez with its Omnibus Discovery which included Interrogatories, Requests for Production and Requests for Admissions, a true and correct copy of which is attached hereto as ***Exhibit 1-1*** (the "Omnibus Discovery").   The Omnibus Discovery was served in good faith for the purposes of securing information that is important to Liberty in the investigation and preparation of its defense and I believe it conforms with the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

4.      On June 28, 2024, I received an email from Enriquez, a true and correct copy of which is attached hereto as ***Exhibit 1-2***.  I responded that day by email, agreeing to a 14-day extension of Enriquez's deadline to respond until July 15, 2024.  A true and correct copy of my June 28, 2024 email in that regard is attached as ***Exhibit 1-3***.

5.      On July 18, 2024, after the agreed deadline had come and gone, I received an email from Enriquez, a true and correct copy of which is attached as ***Exhibit 1-4***.

6.      A true and correct copy of the email I sent to Enriquez the following day, July 19, 2024, in response is attached as ***Exhibit 1-5***.

7.      Enriquez did not respond to that email.  She also did not thereafter answer or respond to the Omnibus Discovery or produce responsive documents and tangible things (collectively "Respond to the Omnibus Discovery").

8.      In a good faith effort to confer prior to filing this motion without court intervention, on August 12, 2024, I forwarded an email to Enriquez, a true and correct copy of which is attached as ***Exhibit 1-6***.  No response to the August 12, 2024 email or the Omnibus Discovery was received.

9.      In another good faith effort to confer prior to filing this motion without court intervention, on August 16, 2024, I emailed Enriquez a draft of Defendant's Motion to Compel, to Grant Liberty Leave to Take Depositions and File Dispositive Motions Outside Deadlines in Scheduling

Order, and for Sanctions ("Liberty's Motion to Compel and for Sanctions"). A true and correct copy of that email (without the draft motion) is attached as *__Exhibit 1-7__*. That email indicated Liberty would not file the Motion (without waiver of Liberty's right to seek leave to conduct additional depositions after the discovery deadline and to seek leave to file its dispositive motion after the deadline for same) if the Omnibus Discovery answers and responsive information was produced before 4:00 P.M. on Monday, August 19th. Further, our office also called Enriquez on August 16th to attempt to discuss these matters. Enriquez did not answer her phone and there was not an opportunity to leave a voice message.

10. No Response to the Omnibus Discovery has been made as of 4:00 P.M. on August 19, 2024.

11. Enriquez's failure to comply with her discovery obligations has prejudiced Liberty in that her delay and evasion has now made it impossible for Liberty to review her discovery and take depositions, if need be, prior to the August 19th discovery deadline. Further, the deadline for Liberty to file its motion for summary judgment is on September 12th, yet due to Enriquez's discovery evasion, it has no Response to its Omnibus Discovery (or further depositions, if need be) to do so.

## ATTORNEYS' FEES

### ATTORNEYS' KNOWLEDGE, EDUCATION, AND EXPERIENCE.

12. I graduated from the University of Oklahoma in 1985 with a B.A. in Economics and earned my J.D. from the University of Texas School of Law in 1989. I was licensed to practice in Texas in 1989 and have practiced law with my primary office in the state of Texas. My practice has primarily been engaged in civil litigation and appellate matters. I have been counsel in trials in both federal and state courts and have represented clients at all stages of litigation, from discovery hearings to settlement and mediation conferences to trial through appeal. I have experience and knowledge in commercial and business law cases and cases affecting the defense of business entities, such as the above-entitled and numbered cause, and the legal and factual issues

relating to them because of my devotion of a significant part of my practice to this area of law. Through my practice and experience in litigation in Texas, as well as research regarding same, I am familiar with whether time spent on matters is reasonable as well as the normal and customary fees charged for legal services in the Western District of Texas considering the time expended, the amount in controversy, the complexity of the case, the experience, reputation, ability and billing rates and expertise of attorneys and other criteria upon which fees are based according to the State Bar of Texas Rules and the Texas Code of Professional Responsibility. I am also aware of various Fifth Circuit opinions and district court opinions in the Fifth Circuit governing the award of fees that speak to such awards. For further information concerning my background and experience, see my curriculum vitae which is attached hereto as _**Exhibit 1-8**_. My current billing rate on this case is $315 per hour.

13.     My law partner, Mitchell Madden has been licensed in the State of Texas since 1986. Mitchell's practice, like mine, focuses on commercial litigation at both the state and federal level. A copy of Mitchell's curriculum vitae is attached as _**Exhibit 1-9**_. Mitchell is lead counsel on this case and has represented clients at all stages of litigation, from discovery hearings to settlement and mediation conferences to trial. His current billing rate on this case is $365 per hour.

### HJMM Billing Records

14.     As part of its usual and regular course of business, the Firm keeps regular records of the legal work performed by its attorneys and paralegals. In connection with the work of the Firm, I have become familiar with the records kept and maintained by it in the usual and regular course of business. I have custody, control, and access to the permanent records of the Firm as they pertain to the legal services rendered herein. I have examined the records kept and maintained by the Firm in the regular course of its business and such records reflect certain transactions in the rendering of legal services in this matter. The entries on said records were regularly made at or near the time of the transaction, act or event recorded thereby, and it is a part of the regular course of business of the Firm for an employee

or a representative of the Firm with personal knowledge of such transaction, act or event to make such memoranda, and to record or transmit information pertaining thereto to be included in such memoranda or records. The records kept by the Firm were kept in the regular course of business which pertain to the legal services rendered in this matter and are permanent records of the Firm. A true and correct copy of the Firm's time slips for representing Liberty in attempting to secure a Response to the Omnibus Discovery on or before August 16, 2024 and in researching and drafting the Motion to Compel and for Sanctions are attached as ***Exhibit 1-10.***

### FIFTH CIRCUIT METHODOLOGY

15.     In the Fifth Circuit, courts apply a two-step method to determine a reasonable fee award. *McCaig v. Maverick Field Servs*., No. MO:21-CV-00173-DC-RCG, 2023 U.S. Dist. LEXIS 53660, at *16-17 (W.D. Tex. 2023) adopted *McCaig v. Maverick Field Servs*., 2023 U.S. Dist. LEXIS 52468 (W.D. Tex., Mar. 28, 2023). First, a Court must calculate the "lodestar" amount, which is equal to the number of hours reasonably expended on the case multiplied by the hourly rate in the community for similar work.

16.     Once the Court determines the lodestar, it may enhance or decrease the amount of attorney fees based on the relative weights of the twelve "Johnson factors." *Id.* The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989). Notably, "[a] strong presumption exists that the lodestar represents a reasonable fee that should be modified only in exceptional circumstances." *Payne v. Univ. of S. Miss.*, 681 F. App'x 384, 390 (5th Cir. 2017) (quoting *Pembroke v. Wood Cty.*, 16 F.3d 1214 (5th Cir. 1994).

17. My opinions regarding the reasonableness and necessity of Liberty's attorneys' fees in attempting to secure a Response to the Omnibus Discovery on or before August 16, 2024 and in researching and drafting the Motion to Compel and for Sanctions are based on, without limitation, my personal knowledge of legal services provided in that regard, review of file materials from this case, review of the fee statements and invoices in this case, my knowledge, skill, experience, training and education involving trial and appellate work, the time and labor required; the novelty and difficulty of the issues involved; the skill required to properly perform the legal services; the fee customarily charged in the county in which this suit is pending for legal services; and the amount in controversy. My opinions herein are also based on the standards set forth in *Hoenninger v. Leasing Enters., Ltd.*, No. 22-50765, 2023 U.S. App. LEXIS 22553, at *5-6 (5th Cir. 2023) including a determination of the lodestar through consideration of the reasonable hours spent by counsel for representing Liberty in attempting to secure a Response to the Omnibus Discovery on or before August 16, 2024 and in researching and drafting the Motion to Compel and for Sanctions and the reasonable hourly rate for such work, with the number of such hours multiplied by the applicable reasonable hourly rate (the "lodestar"). To determine the lodestar, I have relied on evidence of (1) the particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services. I have also provided documentation of the hours charged and the hours written off as unproductive, excessive or redundant as reflected in *Exhibit 1-10*.

## *LODESTAR STEP 1: REASONABLE NUMBER OF HOURS EXPENDED*

18. The total number of hours for representing Liberty in attempting to secure a Response to the Omnibus Discovery on or before August 16, 2024 and in researching and drafting the Motion to Compel and for Sanctions for on or before that date is 4.7 hours (4.6 for me (partner) and .1 for Mitchell Madden (partner)). As counsel in this matter, I am personally aware of the work that was performed in this case. I have had personal knowledge that as indicated on the Firm's invoices each attorney that has performed

work/services in the case was qualified through education, training, and work experience to perform the work/services. As a result of the nature of my practice and my experience as counsel in civil litigation, I have also reviewed a substantial number of billing invoices and time entries in matters like this litigation. This experience and the additional factors set forth both above and below inform my opinions in this case, as does my review of the Firm's time records. It is my opinion that each of the hours expended as referenced herein were reasonably expended.

19.     It is also my opinion that should the Court require an in-person hearing on the Motion to Compel and for Sanctions, additional hours will be incurred including Mr. Madden's anticipated travel time each way from Dallas to El Paso of a total of 4 hours (2 hours by plane each way) and time to argue the Motion in an estimated amount of .5 hour of Mr. Madden's time. Based on my experience, knowledge and education, this time would be reasonably expended.

### LODESTAR STEP 2:  REASONABLE HOURLY RATE

20.     Under its fee arrangement with Liberty, HJMM is entitled to charge its usual and customary rates for the HJMM attorneys who worked on this matter. As indicated above, my current billing rate on this case is $315 per hour and Mr. Madden's current billing rate on this case is $365 per hour. These amounts represent rates that are routinely charged to and paid by the firm's civil litigation clients, including Liberty, for similar matters.

21.     U.S. Northern District of Texas Federal District Judge Barbara Lynn recently found similar hourly rates charged by the Firm to be reasonable. *See Munck Wilson Mandala LLP v. Jordan*, Civil Action No. 3:22-cv-01657-M, 2024 U.S. Dist. LEXIS 89971, at *10 (N.D. Tex. 2024).

22.     Further, the rates charged by HJMM represent normal and customary fees charged for legal services in the Western District of Texas considering the time expended, the amount in controversy, the complexity of the case, the experience, reputation, ability, and billing rates of the attorneys and staff involved, and the expertise involved. Even though the

lawyers and staff from the Firm who worked on this case are in Dallas, Texas, the rates the Firm charged Liberty in this matter are substantially similar (if not identical) to what the Firm would have charged Liberty had it been based in El Paso, Texas.

23.     I am also familiar with customary and reasonable attorney fees charged in cases similar to this one filed in the state and federal courts in the Western District of Texas. Additionally, in my experience and based upon my research I am aware that federal courts throughout the State of Texas, including courts in the Western District of Texas routinely take judicial notice of and rely upon the rates as set forth in the State Bar of Texas Hourly Fact Sheet in determining the reasonableness for the charges for attorney fees.[1]  Indeed, the 5th Circuit Court of Appeals recently noted that a district court determining reasonable hourly rates based upon the Texas Hourly Fact Sheet was not clearly erroneous. *Transvoice, LLC v. Iona Wireless Services, LLC,* 2023 U.S. App. Lexis 15201 (5th Cir. 2023).

24.     I have also reviewed the State Bar of Texas website for supplemental information regarding economic facts since 2015. Apparently the most recent publication is the 2019 Income and Hourly Rates Report. rate for full time practitioners in the Dallas/Ft. Worth area was $308. This is an increase of $33 or 12%.  I believe it is reasonable to anticipate that a further increase of 12% has occurred since 2019, meaning that the median hourly rate for all full-time practitioners is now $369 per hour.

25.     However, I am also aware that while Courts in this District have routinely referenced and relied upon the Texas Hourly Fact Sheet (Hourly Rate Report), other courts in departing from its averages in determining a reasonable and customary fee, have noted it is based on a low response rate, is outdated, and is not dispositive. *See Vaquero Permian Processing, LLC v. Mieco, LLC,* No. P:21-CV-00050-DC, 2022 U.S. Dist. LEXIS 127348, at *5 (W.D.

---

[1] *See Almanza v. United States* 135 Fed. Cl. 645 (United States Court of Federal Claims, January 11, 2018); *Rouse v. Target Corporation* 181 F.Supp.3d 379 (S.D. Texas, Galveston Division January 26, 2016); *Alverez v. McCarthy,* 2020 WL 1677715 (W. D. Texas, Waco Division April 6, 2020); *Halprin v. Federal Deposit Insurance Corporation,* 2020 WL 411045 (W.D. Texas, San Antonio Division January 24, 2020); *National Collegiate Student Loan Trust, 2006-3 v. Richards,* 2017 WL 3017231 (N.D. Texas, Dallas, Division June 14, 2017); *Admiral Insurance Co v. Wieland,* 2016 WL 8224270 (W.D. Texas, Austin Division, Oct. 6, 2016); *Ramirez v. Energy Group, LP,* 197 F.Supp.3d 952 (S.D. Texas, Laredo, Division, July 20, 2016); *Thermotek Inc. v. Orthoflex, Inc.* 2016 WL 6330429 (N.D. Texas, Dallas Division Oct. 27, 2016).

Tex. 2022) adopted by *Vaquero Permian Processing LLC v. Mieco LLC*, No. P:21-CV-00050-DC, 2022 U.S. Dist. LEXIS 90681, at *1 (W.D. Tex. 2022) (and also approving rates of $870 an hour for a 22 year lawyer and $650 an hour for a 15 year lawyer); *Balancecxi, Inc. v. Int'l Consulting & Research Grp., LLC*, No. 1:19-CV-767-RP, 2021 U.S. Dist. LEXIS 256737, at *8 (W.D. Tex. 2021)(nothing hourly rates are on the rise in major Texas legal markets particularly in business and commercial practices and approving blended rate of $603.75 an hour as reasonable for commercial litigation); *Am. Acad. of Implant Dentistry v. Parker*, No. AU-14-CA-00191-SS, 2018 U.S. Dist. LEXIS 5599, 2018 WL 401818, at *3 (W.D. Tex. Jan. 11, 2018) (noting low response rate and outdated nature of Hourly Rate Report and approving rates in excess of same). Indeed, in *Aperia Sols, Inc. v. eVance, Inc.*, 2021 U.S. Dist. LEXIS 156568 (N.D. Tex. 2021) rev'd on other grounds, *Aperia Sols., Inc. v. eVance, Inc.*, 2022 U.S. App. LEXIS 16258 (5th Cir. June 13, 2022) Judge Starr considered an argument that a claim of attorneys' fees was unreasonable because it exceeded the rates reflected in the Texas Hourly Fact Sheet, and noted:

> But this report highlights only average rates based on responses to the State Bar's survey.[20] "It is well-established that the Court may use its own expertise and judgment to independently assess the hourly rates charged for attorney's services."[21] Attorney hourly rates are on the rise in major Texas legal markets, particularly in business and commercial practices.[22] The rates charged by Underwood Perkins here are within or below the rates charged by many other firms in this city.[23] Based on review of the record and the Court's knowledge of rates in this locality and practice area, the Court determines that the rates charged by Underwood Perkins were reasonable.

*Id. at *7.

The full text of the footnotes referenced by Judge Starr are as follows:

Scores of Texas lawyers now charge $1,000 or more per hour for their legal services . . . Another 200 business attorneys in the state are likely to cross the $1,000-an-hour threshold over the next three years. Businesses across Texas received letters

during the past few weeks from the law firms that represent them delivering news of the higher rates." Mark Curriden, *Texas legal rates soar as national firms rush in*, HOUSTON CHRONICLE, March 24, 2017, available at https://www.houstonchronicle.com/business/article/Texasl egal-rates-soar-as-national-firms-rush-in-11025525.php.

*Id.* at n.22.

> *See In re Taco Bueno Restaurants, Inc., et al*, No. 18-33678, Doc. No. 308 (Bankr. N.D. Tex. Feb. 14, 2019) (Vinson & Elkins LLP billing rates for Partners ($945-$1,280), Counsel ($830-$915) and Associates ($450-$945) (the Court takes judicial notice that one billable hour at this top associate rate would buy $866 party tacos before tax); *In re Borden Dairy Company, et al., Debtors*, No. 20-10010 (CSS), Doc. No. 264 (Bankr. D. Del. Feb. 14, 2020) (Sidley Austin LLP billing rates for Partners ($1,000-$1,800), Senior Counsel and Counsel ($775-$1,750), Associates ($570 - $960) and Paraprofessionals ($250-$470)); *In re True Religion Apparel Inc., et al*, No. 20-10941 (CSS), Doc. No. 216 (Bankr. D. Del. May 11, 2020) (Akin Gump Strauss Hauer & Feld LLP billing rates for Partners ($995-$1,995), Senior Counsel & Counsel ($735-$1,510), Associates ($535 - $960)); *In re Gymboree Group, Inc., et al.*, No. 1930258 (KLP), Doc. No. 163 (Bankr. E.D. Va. Jan. 30, 2019) (Milbank LLP U.S. "standard" range for Partners ($1,155-$1,540) and Non-Partner Attorneys ($450 - $1,315)).

*Id.* at n.23. Further, this Court relied on *Aperia* in its opinion approving a blended rate well outside the Texas Hourly Rate Report in *Balancecxi, Inc. v. Int'l Consulting & Research Grp., LLC*, No. 1:19-CV-767-RP, 2021 U.S. Dist. LEXIS 256737, at *8 (W.D. Tex. 2021).

26.    In my opinion, based upon my personal experience, research and the information discussed above, the customarily charged for similar services as those provided to Liberty by HJMM in attempting to secure a Response to the Omnibus Discovery and in researching and drafting the

Motion to Compel and for Sanctions in the Western District of Texas generally and in this Division range from $450 to $1,500 per hour in 2022, depending on case complexity, the relationship with the client, the terms of the representation agreement, the lawyer's experience and the size and reputation of the lawyer's firm involved. In my opinion, the hourly rates charged by HJMM to Liberty in attempting to secure a Response to the Omnibus Discovery on or before August 16, 2024 and in researching and drafting the Motion to Compel and for Sanctions for on or before that date, $315 an hour for me and $365 an hour for Mr. Madden, is reasonable. Further, in my opinion, based on my personal experience, research and knowledge and the information discussed herein, travel time for Mr. Madden billed at half his regular billing rate of $182.50 an hour is reasonable.

### ADJUSTMENT BASED ON *JOHNSON* FACTORS

27.     Further, I have considered the factors identified in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974) to determine if an adjustment of Banner's lodestar is reasonable and necessary. It is my opinion that none of the *Johnson* factors suggest that a downward departure is necessary.

### REASONABLE EXPENSES

28.     I have further researched the costs of flights to and from Dallas and El Paso, which would be required in the event of an in person hearing on the Motion to Compel and for Sanctions. Based on my knowledge, experience, education and research, should the Court require an in-person hearing on the Motion, the round-trip ticket for that flight would cost approximately $190, and same would be a reasonable and necessary expense incurred by Liberty in attempting to secure a Response to the Omnibus Discovery prior to making this Motion.

### CONCLUSION.

30.    It is my opinion that **$1,485.50 for Liberty's attorneys' fees** represents a reasonable, necessary, and conservative amount for Liberty's attorneys' fees in attempting to secure a Response to the Omnibus Discovery on or before August 16, 2024 and in researching and drafting the Motion to Compel and for Sanctions for on or before that date **if there is no in-person hearing on the Motion**.

31.    It is also my opinion that **should the Court require an in-person hearing on the Motion to Compel and for Sanctions**, additional reasonable and necessary attorneys' fees including Mr. Madden's anticipated travel time each way of a total of 4 hours billed at 182.50 an hour and time to argue the Motion in an estimated amount of .5 hour billed at the regular and reasonable hourly fee of $365.00 per hour and expenses for the flight to and from Dallas to El Paso in the estimated amount of $ 190.00 (for a total additional award of $1,011.25) for a **total of $2,496.75** will be incurred, and that those fees and expenses are/would be reasonable, necessary and conservative, and should be awarded.

FURTHER, DECLARANT SAYETH NOT.

## JURAT

My name is Melissa Johnson, my birthdate is December 18, 1964 and my business address is 12801 N. Central Expwy., Suite 140, Dallas, Texas 75243.  I declare under penalty of perjury that the foregoing is true and correct.  Executed in Dallas County, Texas on this 19th day of August, 2024.

*/s/ Melissa Johnson*
Melissa Johnson

**Exhibit**

**1-1**

exhibitsticker.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **PAMELA ENRIQUEZ,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | **C.A. NO. 3:23-CV-00397** |
| **LIBERTY BANKERS LIFE** | § | |
| **INSURANCE COMPANY, an** | § | |
| **Oklahoma Corporation,** | § | |
| | § | |
| **Defendant.** | § | |

---

## DEFENDANT'S FIRST OMNIBUS DISCOVERY REQUESTS ON PLAINTIFF

---

Defendant Liberty Bankers Life Insurance Company ("Liberty" or "Defendant") hereby serves its First Set of Omnibus Discovery Requests on Plaintiff, Pamela Enriquez ("You"), pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36 (the "Discovery"). Pursuant to Fed. R. Civ. P. 26 and 33, Defendant serves the Interrogatories below to be answered by You separately, in writing and under oath, within thirty (30) days of service. Pursuant to Fed. R. Civ. P. 34, You shall provide written responses and objections to the Requests for Production below no later than thirty (30) days after service of same. Defendant further requests that You produce the documents and things identified in the Requests for Production below to the undersigned attorney at the offices of Holmgren Johnson: Mitchell Madden, LLP, 12801 N. Central Expressway, Suite 140, Dallas, Texas 75243 no later

than thirty (30) days after You have been served with same.[1]  And pursuant to Fed. R. Civ. P. 36, Defendant requests that You admit the truth of the matters set forth in the Requests for Admission below no later than thirty (30) days after You have been served with same.

Respectfully submitted,

/s/ Mitchell Madden
Mitchell Madden
State Bar No. 12789350
mmadden@hjmmlegal.com
**HOLMGREN, JOHNSON: MITCHELL MADDEN, LLP**
12801 N. Central Expressway, Suite 140
Dallas, Texas 75243
Tele: 972/484-7780
Fax: 972/484-7743

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served, in accordance with the Federal Rules of Civil Procedure on all counsel and parties of record on this 31st day of May, 2024.

/s/ Mitchell Madden
Mitchell Madden

---

[1] To produce electronically, please email: mmadden@hjmmlegal.com, skinney@hjmmlegal.com, and tflores@hjmmlegal.com.

# DEFINITIONS AND INSTRUCTIONS

## A.   Definitions

As used herein, the following definitions apply, whether or not capitalized in the Discovery:

1.   Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.   Document. The term "document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a). A draft of a nonidentical copy is a separate document within the meaning of this term.

3.   Identify (With Respect to Persons). When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4.   Identify (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

5.   Identify (With Respect to an Oral Communication).  When referring to an oral communication, "to identify" means to give, to the extent known, the date and time it occurred, the place it occurred, the complete substance of the communication, identify each person to whom such communication was made and by whom such communication was made, identify the person(s) who was present when such communication was made; and if by telephone—identify each person who made each call, identify each person who participated in each call, and identify all

documents memorializing, referring to, or relating in any way to the subject of the communication.

6.    Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

7.    Person. The term "person" means any natural person or business, legal or governmental entity or association.

8.    Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

9.    Electronically Stored Information.  The term "electronically stored information" means any original and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind), of mechanical, facsimile, electronic, magnetic, digital or other programs (whether private, commercial, or work-in- progress), programming notes or instructions, activity listings of electronic mail receipts or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail or "e-mail," personal digital assistant ("PDA") messages, instant messenger messages, operating systems, source code of all types, programming languages, linkers and compilers, peripheral drives, PDF files, PRF files, batch files, ASCII files, crosswalks, code keys, pull down tables, logs, file layouts and any and all miscellaneous files or file fragments, regardless of the media on which they reside and regardless of whether said Electronic Data consists of an active file, deleted file or file fragment. "Electronically stored information" also includes any and all items stored on computer memory or memories, hard disks, floppy disks, zip drives, CD-ROM discs, Bernoulli Boxes and their equivalents, magnetic tapes of all types and kinds, microfiche, punched

cards, punched tape, computer chips (including, but not limited to, EPROM, PROM, ROM or RAM of any kind) on or in any other vehicle for digital data storage or transmittal, files, flash memory drives, telephone storage, folder tabs, or containers and labels appended to or associated with any physical storage device associated with each original and each copy.

10.     "Writing" means any tangible medium of expression, printed matter, photographs, video, electronic documents, emails, texts, postings, tapes, tape recording transcripts, graphic or oral records or representations of any kind, and electronic, mechanical, or electrical representations of any kind.

11.     "This Lawsuit" or "The Lawsuit" shall mean and refer to the above-styled and numbered cause and shall specifically include the claims brought by Plaintiff, claims brought by Defendant, and any related defenses, unless otherwise specified.

12.     "Plaintiff's Original Complaint" unless otherwise stated, means Plaintiff's Original Complaint in This Lawsuit.

13.     The term "thing" refers to any tangible object other than a document and includes objects of every kind and nature such as, but not limited to, prototypes, models, specimens, computer disks and tapes, videotapes, and audiotapes.

14.     "Including" means including but not limited to.

15.     "And" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16.     The past tense includes the present tense, and vice-versa. The singular includes the plural, and vice-versa.

17.     "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to."

18.   A masculine, feminine, or neuter form of a word shall be interpreted to include the other genders. The use of any tense of any verb shall be interpreted to include all other tenses.

## B.   <u>Instructions</u>

19.   The answer to each of the Interrogatories and Requests for Admission shall include such knowledge of information as is within Plaintiff's possession, custody, or control, including without limitation information held by Plaintiff's employees, consultants, accountants, attorneys, or other agents or representatives.

20.   The Requests for Production seek all responsive information in Your possession, custody, or control. "Possession, custody, or control" of an item means You have either physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical possession of the item. It includes not only actual physical possession, but constructive possession, and the right to obtain possession from a third party, such as an agent or representative.

21.   If any of the Discovery is objected to in whole or in part, You shall state with specificity the reasons for the objection.

22.   This Discovery shall be deemed continuing and must be supplemented as required by the Federal Rules of Civil Procedure.

23.   If you object to any of the Discovery on the ground that the answer would reveal privileged information, please specify:

   (A) The nature of the privilege being claimed (including work product);

   (B) The general subject matter of the document or oral communication as to which the privilege is claimed;

   (C) The date of the document or oral communication;

   (D) The name of the author or person making such communication;

(E)   The addressees or recipients of the document or oral communication; and

(F)   The relationship between the author or person making such communication and the addressees or recipients of the document or oral communication.

24.    Unless otherwise indicated, this Discovery covers the period from January 1, 2023 to the present.

# INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge.

**INTERROGATORY NO. 2:** Identify all persons or legal entities who have a financial interest in the cause of action set forth in your complaint and state the basis and extent of said interest.

**INTERROGATORY NO. 3:** If you contend that some other person or legal entity is, in whole or in part, liable to You in this matter, identify that person or legal entity and describe in detail the basis of said liability.

**INTERROGATORY NO. 4:** If you contend now, or have ever contended, that some other person or entity was responsible for the calls made using the name "Emily Wilson" set forth in paragraph 38, Table A of Plaintiffs' Original Complaint in this Lawsuit, identify that person and whether you have communicated your contention to that person or entity, and if so, how and when.

**INTERROGATORY NO. 5:** Identify all persons or entities You have alleged have violated the Telephone Consumer Protection Act ("TCPA") either directly, or through their agents or affiliates, by calling Your cell phone number and using the name "Emily Wilson" and for each of such persons, state the date of each phone call You alleged was made, the caller id that phone call was made from, and the time of each phone call.

**INTERROGATORY NO. 6:** Identify each document that supports your claim that Defendant, either directly or through its agents or affiliates, made or authorized any of the phone calls listed in paragraph 38, Table A of Plaintiffs' Original Complaint in this Lawsuit.

**INTERROGATORY NO. 7:** Identify each cell phone number that You have registered on the National Do-Not-Call Registry and when each was so registered.

**INTERROGATORY NO. 8:** State the cell phone number referred to in

paragraph 25 of Plaintiff's Original Complaint.

**INTERROGATORY NO. 9:** Identify each cell phone number You allege each of the calls in paragraphs 30, 35, and 38 Plaintiff's Original Complaint were made to.

**INTERROGATORY NO. 10:** Identify the "friend[s]" referred to in paragraphs 34, 35 and 36 of Plaintiff's Original Complaint.

**INTERROGATORY NO. 11:** Identify the "representatives" referred to in paragraph 33 of Plaintiff's Original Complaint.

**INTERROGATORY NO. 12:** Identify the "Liberty representative" referred to in paragraph 36 of Plaintiff's Original Complaint.


**INTERROGATORY NO. 13:** Identify all persons you have communicated with about the allegations contained in this Lawsuit.

**INTERROGATORY NO. 14:** Provide all Your cell phone numbers and the provider for each, that you have had since January 1, 2023.

**INTERROGATORY NO. 15:** Identify all persons that assisted You, or that You consulted, when drafting or responding to any document related to this Lawsuit.

**INTERROGATORY NO. 16:** Provide the telephone number You called to "inform [] the representatives she was not eligible for the insurance and to stop calling" as referenced in paragraph 33 of Plaintiff's Original Complaint, the name of the person You spoke to, and the date and time of each such alleged call.

**INTERROGATORY NO. 17:** Provide Your full name, date of birth, home and office addresses, phone numbers, employer's name, and Your job title.

**INTERROGATORY NO. 18:** Identify the following for all suits you have filed in the past five years: 1) the year the suit was filed; 2) the style of the suit; 3) the claims made in the suit; 4) the court where the suit was filed;

and 5) the resolution of the suit.

**INTERROGATORY NO. 19:**     Have you ever spoken with attorney Howard Gutman?  If so, identify those communications.

**INTERROGATORY NO. 20:**     Do you contend that the Declaration of Bradford Phillips dated December 18, 2023 attached as Exhibit C to the Motion to Set Aside Entry of Default and for Leave to File Answer filed in this Lawsuit on December 19, 2023 is untrue? If so, identify how and identify all documents that support Your contention.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents supporting Your contention, if any, that Liberty Bankers Life Insurance Company directly initiated any of the telephone calls alleged in Plaintiff's Original Complaint.

**REQUEST FOR PRODUCTION NO. 2:** Produce cellular telephone records reflecting all incoming and outcoming calls for the "residential cellular telephone line with phone number ending in 6018" between May 4, 2023 and October 27, 2023.

**REQUEST FOR PRODUCTION NO. 3:** Produce cellular telephone records reflecting all incoming and outcoming calls for the "residential cellular telephone line with phone number ending in 6018" between May 4, 2023 and October 27, 2023.

**REQUEST FOR PRODUCTION NO. 4:** Produce all written or recorded statements from any witness concerning your claims against Defendant.

**REQUEST FOR PRODUCTION NO. 5:** Produce all documents supporting Your contention in paragraph 22 of Plaintiff's Original Complaint that "Defendant routinely violates the TCPA as a part of their business model and knowingly and willfully commit TCPA violations."

**REQUEST FOR PRODUCTION NO. 6:** Produce all documents supporting Your contention that "Plaintiff's phone number is registered with AT&T as her personal telephone number and not a business telephone number" as stated in paragraph 27 of Plaintiff's Original Complaint.

**REQUEST FOR PRODUCTION NO. 7:** Produce all documents in support of your contention in paragraph 22 of Plaintiff's Original Complaint that "Defendant routinely violates the TCPA as a part of their business model and knowingly and willfully commit TCP A violations."

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents in support of your contention in paragraph 23 of Plaintiff's Original Complaint that, "Defendant uses telemarketing to promote their products and services."

**REQUEST FOR PRODUCTION NO. 9:**   Produce all documents in support of your contention in paragraph 24 of Plaintiff's Original Complaint that "Defendant's telemarketing efforts include the use of automated dialing equipment to send automated calls and prerecorded voice message calls."

**REQUEST FOR PRODUCTION NO. 10:**   Produce documents in support of your contention in paragraph 25 of Plaintiff's Original Complaint that "Plaintiff maintained and used a residential cellular telephone line, with phone number ending in 6018."

**REQUEST FOR PRODUCTION NO. 11:**   Produce documents in support of your contention in paragraph 26 of Plaintiff's Original Complaint that the number ending in 6018 is Plaintiff's "private cell phone number."

**REQUEST FOR PRODUCTION NO. 12:**   Produce documents in support of your contention in paragraph 27 of Plaintiff's Original Complaint that "Plaintiffs phone number is registered with AT&T as her personal telephone number and not as a business telephone number."

**REQUEST FOR PRODUCTION NO. 13:**   Produce documents in support of your contention, if any, that You registered Your phone number ending in 6018 on the National Do-Not-Call Registry at any time before October 27, 2023.

**REQUEST FOR PRODUCTION NO. 14:**   Produce all documents in support of your contention in paragraph 28 of Plaintiff's Original Complaint that "Plaintiffs personal cellular telephone number (915) 449-6826 has been registered on the National Do-Not-Call Registry since May 4, 2023."

**REQUEST FOR PRODUCTION NO. 15:**   Produce all documents in support of your contention in paragraph 29 of Plaintiff's Original Complaint that "the telemarketing calls prevented Plaintiff from using her phone for legitimate purposes."

**REQUEST FOR PRODUCTION NO. 16:**   Produce all documents in support of your contention in paragraph 30 of Plaintiff's Original Complaint that "The Plaintiff has received at least thirty (30) telemarketing calls between September 2023 and October 22, 2023" and that "each of these

telemarketing phone calls began with a prerecorded message utilizing interactive computer technology 'This is Emily Wilson with Senior Benefits.'"

**REQUEST FOR PRODUCTION NO. 17:**     Produce all documents relating to any telemarketing calls from an "Emily Wilson" or a person purporting to be "Emily Wilson."

**REQUEST FOR PRODUCTION NO. 18:**     Produce all recordings of the telemarketing calls referenced in paragraph 30 of Plaintiff's Original Complaint.

**REQUEST FOR PRODUCTION NO. 19:**     Produce all recordings referenced in Plaintiff's Original Complaint.

**REQUEST FOR PRODUCTION NO. 20:**     Produce all documents relating to Your "tracking" of calls referenced in Paragraph 31 of Plaintiff's Original Complaint.

**REQUEST FOR PRODUCTION NO. 21:**     Produce the "at least 20 harassing prerecorded messages calls from Emily Wilson" referenced in paragraph 31 of Plaintiff's Original Complaint.

**REQUEST FOR PRODUCTION NO. 22:**     Produce all documents related to the "missing calls" as referenced in paragraph 31 of Plaintiff's Original Complaint.

**REQUEST FOR PRODUCTION NO. 23:**     Produce recordings of the "missing calls" as referenced in paragraph 31 of Plaintiff's Original Complaint.

**REQUEST FOR PRODUCTION NO. 24:**     Produce all documents related to Plaintiff's "multiple Do Not Call requests in September 2023" as referenced in Paragraph 33 of Plaintiff's Original Complaint.

**REQUEST FOR PRODUCTION NO. 25:**     Produce all documents related to or reflecting Your allegation that You "informed the representatives she was not eligible for the insurance and to stop calling."

**REQUEST FOR PRODUCTION NO. 26:**     Produce all documents in support of Your claim in paragraph 35 of Plaintiff's Original Complaint that, "on October 17, 2023, Plaintiff received a phone call displaying 409-895-7498 on the caller identification" and that when "Plaintiff answered the phone and the 'Emily Wilson' message began to play."

**REQUEST FOR PRODUCTION NO. 27:**     Produce all documents in support of Your claim in paragraph 36 that "Plaintiff's friend went through the process of applying for the insurance and was transferred to a Liberty representative who questioned Plaintiff's friend about his medical history."

**REQUEST FOR PRODUCTION NO. 28:**     Produce all documents reflecting You and Your friend's efforts to "identify the culprit" as stated in paragraph 35 of Plaintiff's Original Complaint.

**REQUEST FOR PRODUCTION NO. 29:**     Produce the recording of the phone call referenced in paragraphs 36-37 of Plaintiff's Original Complaint.

**REQUEST FOR PRODUCTION NO. 30:**     Produce all documents relating to each of the calls referenced in Table A on pages 7-8 of Plaintiff's Original Complaint, including the underlying phone records reflecting such incoming calls as well as their duration.

**REQUEST FOR PRODUCTION NO. 31:**     Produce all documents in support of your claim in paragraph 42 of Plaintiff's Original Complaint that "Defendant did not scrub their calling lists against the National Do-Not-Call Registry."

**REQUEST FOR PRODUCTION NO. 32:**     Produce all documents in support of your claim in paragraph 42 of Plaintiff's Original Complaint that, "Defendant does not train their employees and representatives in order to comply with "Do-Not-Call requests" made by consumers, such as Plaintiff."

**REQUEST FOR PRODUCTION NO. 33:**     Produce all documents in support of your claim in paragraph 44 of Plaintiff's Original Complaint that "Plaintiff pays for each incoming and outgoing call on her telephone under an unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(l)(iii)."

**REQUEST FOR PRODUCTION NO. 34:**     Produce all documents that You contend supports Your allegation that call No. 1, as listed on table A page 7-8 of Plaintiff's Original Complaint was made or authorized by Defendant.

**REQUEST FOR PRODUCTION NO. 35:**     Produce all documents that You contend supports Your allegation that call No. 2, as listed on table A page 7-8 of Plaintiff's Original Complaint was made or authorized by Defendant.

**REQUEST FOR PRODUCTION NO. 36:**     Produce all documents that You contend supports Your allegation that call No. 2, as listed on table A page 7-8 of Plaintiff's Original Complaint was made or authorized by Defendant.

**REQUEST FOR PRODUCTION NO. 37:**     Produce all documents that You contend supports Your allegation that call No. 3, as listed on table A page 7-8 of Plaintiff's Original Complaint was made or authorized by Defendant.

**REQUEST FOR PRODUCTION NO. 38:**     Produce all documents that You contend supports Your allegation that call No. 4, as listed on table A page 7-8 of Plaintiff's Original Complaint was made or authorized by Defendant.

**REQUEST FOR PRODUCTION NO. 39:**     Produce all documents that You contend supports Your allegation that call No. 5, as listed on table A page 7-8 of Plaintiff's Original Complaint was made or authorized by Defendant.

**REQUEST FOR PRODUCTION NO. 40:**     Produce all documents that You contend supports Your allegation that call No. 6, as listed on table A page 7-8 of Plaintiff's Original Complaint was made or authorized by Defendant.

**REQUEST FOR PRODUCTION NO. 41:**     Produce all documents that You contend supports Your allegation that call No. 7, as listed on table A

page 7-8 of Plaintiff's Original Complaint was made or authorized by Defendant.

**REQUEST FOR PRODUCTION NO. 42:**     Produce all documents that You contend supports Your allegation that call No. 8, as listed on table A page 7-8 of Plaintiff's Original Complaint was made or authorized by Defendant.

**REQUEST FOR PRODUCTION NO. 43:**     Produce all documents that You contend supports Your allegation that call No. 9, as listed on table A page 7-8 of Plaintiff's Original Complaint was made or authorized by Defendant.

**REQUEST FOR PRODUCTION NO. 44:**     Produce all documents that You contend supports Your allegation that call No. 10, as listed on table A page 7-8 of Plaintiff's Original Complaint was made or authorized by Defendant.

**REQUEST FOR PRODUCTION NO. 45:**     Produce all documents that You contend supports Your allegation that call No. 11, as listed on table A page 7-8 of Plaintiff's Original Complaint was made or authorized by Defendant.

**REQUEST FOR PRODUCTION NO. 46:**     Produce all documents that support Your contention that Defendant conducted telephone solicitations for or with respect to its insurance products.

**REQUEST FOR PRODUCTION NO. 47:**     Produce all "call logs" and "recordings" as referenced in Plaintiff's Initial disclosures.

**REQUEST FOR PRODUCTION NO. 48:**     Produce all exhibits that You intend to use as evidence at the trial of this Lawsuit.

**REQUEST FOR PRODUCTION NO. 49:**     Produce all documents evidencing communications between You and Defendant.

**REQUEST FOR PRODUCTION NO. 50:**     Produce a copy of any document relating to an agreement to split any recovery You obtain from this Lawsuit.

**REQUEST FOR PRODUCTION NO. 51:**      Produce      all communications between You and any person that has a financial interest in the cause of action set forth in Plaintiff's Original Complaint regarding that interest, the allegations or claims in this Lawsuit, or any other claims that might be made against Defendant regarding violations of the TCPA.

**REQUEST FOR PRODUCTION NO. 52:**      Produce all communications between You and Howard Gutman regarding this Lawsuit.

**REQUEST FOR PRODUCTION NO. 53:**      Produce all documents and communications between You or Your agents, employees, and representatives, and any third-parties or their agents, employees, and representatives, relating in any way to this Lawsuit.

**REQUEST FOR PRODUCTION NO. 54:**      Produce all of Your cell phone records for the following dates: 10/4/23, 10/5/23, 10/16/23 and 10/17/23.

**REQUEST FOR PRODUCTION NO. 55:**      Produce all documents supporting Your contention that each of the phone calls reflected in Paragraph 38 were made utilizing a pre-recorded interactive voice system.

**REQUEST FOR PRODUCTION NO. 56:**      Produce all documents between You and any other persons or entity that You have allege or alleged has violated the Telephone Consumer Protection Act ("TCPA") either directly, or through their agents or affiliates, by calling Your cell phone number and using the name "Emily Wilson."

**REQUEST FOR PRODUCTION NO. 57:**      Produce all documents that support your claim that Defendant, either directly or through its agents or affiliates, made or authorized any of the phone calls listed in paragraph 38, Table A of Plaintiffs' Original Complaint in this Lawsuit.

**REQUEST FOR PRODUCTION NO. 58:**      Produce      documents reflecting each cell phone number that You have registered on the National

Do-Not-Call Registry and when each was so registered.

**REQUEST FOR PRODUCTION NO. 59:** Produce all communications with any person or entity concerning the allegations in this Lawsuit.

**REQUEST FOR PRODUCTION NO. 60:** Produce all communications with any person that assisted You, or that You consulted, when drafting or responding to any document related to this Lawsuit.

**REQUEST FOR PRODUCTION NO. 61:** Produce all documents supporting your allegation You called to "inform [] the representatives she was not eligible for the insurance and to stop calling" as referenced in paragraph 33 of Plaintiff's Original Complaint.

**REQUEST FOR PRODUCTION NO. 62:** Produce a copy of Your driver's license.

**REQUEST FOR PRODUCTION NO. 63:** Produce the following for all suits you have filed in the past five years concerning violations of the TCPA: 1) a copy of the Complaint; 2) a copy of any responses to written discovery made by You; 3) a copy of any responses to written discovery made by the Defendant; and 4) the Final Judgment in the case.

**REQUEST FOR PRODUCTION NO. 64:** All correspondence between You and Integrity Admin Group, Inc. or any of its agents, representatives, or employees, regarding alleged TCPA violations.

**REQUEST FOR PRODUCTION NO. 65:** A copy of any settlement agreement between You and Integrity Admin Group, Inc. or any of its agents, representatives, or employees, regarding alleged TCPA violations.

**REQUEST FOR PRODUCTION NO. 66:** Produce all documents supporting Your contention that Defendant exerted any modicum of control over the manner and means by which the alleged Emily Wilson allegedly called You.

**REQUEST FOR PRODUCTION NO. 67:** Produce all documents supporting Your contention that Defendant supervised "Emily Wilson" or her activities in any fashion.

**REQUEST FOR PRODUCTION NO. 68:**     Produce all documents supporting Your contention that Defendant supervised had any role in the selecting the recipient, timing, or placement of the calls referred to in Paragraphs 30 and 38 of Plaintiff's Original Complaint.

**REQUEST FOR PRODUCTION NO. 69:**     Produce all documents supporting Your contention that Defendant supplied "Emily Wilson" with tools and instrumentalities to make the calls alleged in Paragraphs 30 and 38 of Plaintiff's Original Complaint.

**REQUEST FOR PRODUCTION NO. 70:**     Produce all documents supporting Your contention, if any, that the Declaration of Bradford Phillips dated December 18, 2023 attached as Exhibit C to the Motion to Set Aside Entry of Default and for Leave to File Answer filed in this Lawsuit on December 19, 2023 is untrue.

# REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**   Admit that You do not know whether Defendant made or authorized any of the phone calls You allege violate the TCPA in paragraph 38 of Plaintiff's Original Complaint.

**REQUEST FOR ADMISSION NO. 2:**   Admit that You do not know who "Emily Wilson with Senior Benefits" referred to in paragraph 30 of Plaintiff's Original Complaint works for, or who authorized her to make the telemarketing calls referred to therein.

**REQUEST FOR ADMISSION NO. 3:**   Admit that "Emily Wilson" who left the prerecorded messages referred to in Paragraphs 30 and 38 of Plaintiff's Original Complaint never stated who she worked for.

**REQUEST FOR ADMISSION NO. 4:**   Admit that You do not contend that Liberty Bankers Life Insurance Company directly initiated a telephone call to You in violation of the TCPA.

**Tania Flores**

Exhibit

1-2

exhibitsticker.com

| | |
|---|---|
| **From:** | Pamela Enriquez <pamelaenriquezrn56@gmail.com> |
| **Sent:** | Friday, June 28, 2024 1:00 PM |
| **To:** | Tania Flores |
| **Cc:** | Mitchell Madden; Shawnte Kinney; Melissa Johnson |
| **Subject:** | Re: No. |

Hello good morning. I'm requesting a 30 day extension to respond to Liberty's discovery requests. Please let me know if Liberty opposes. Thank you.

Pam

On Fri, May 31, 2024 at 7:35 AM Tania Flores <tflores@hjmmlegal.com> wrote:

Good morning, Pam:

Please see the attached *Defendant's First Omnibus Discovery Requests*.  A copy will follow via first class mail.

*Tania Flores, Legal Secretary*

HOLMGREN JOHNSON: MITCHELL MADDEN, LLP

North Central Plaza III

12801 North Central Expressway

Suite 140

Dallas, Texas 75243

(972) 484-7780 Voice

(972) 484-7743 Fax

In accordance with Internal Revenue Service Circular 230, we advise you that unless otherwise expressly stated, any discussion of a federal tax issue in this communication or in any attachment is not intended to be used, and it cannot be used, for the purpose of avoiding federal tax penalties.

Confidentiality Notice: This electronic transmission and any attached documents or other writings are intended only for the person or entity to which it is addressed and may contain information that is attorney work product, attorney-client privileged, confidential or otherwise protected from disclosure. If you have received this communication in error, please immediately notify sender by return e-mail and destroy or return the communication. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachments by anyone other than the named recipient is strictly prohibited

1

**Tania Flores**

Exhibit

1-3

exhibitsticker.com

| | |
|---|---|
| **From:** | Tania Flores |
| **Sent:** | Friday, June 28, 2024 4:04 PM |
| **To:** | 'Pamela Enriquez' |
| **Cc:** | Mitchell Madden; Shawnte Kinney; Melissa Johnson |
| **Subject:** | No. 3:23-CV_00397; Enriquez v. Liberty Bankers Life Insurance Company |

Given the upcoming deadlines and mediation, our client is agreeable to an extension of your deadline to respond to the discovery currently due on July 1st until July 15, 2024.

**Melissa A. Johnson**
HOLMGREN JOHNSON: MITCHELL MADDEN, LLP
North Central Plaza III
12801 North Central Expressway
Suite 140
Dallas, Texas 75243

(972) 484-7780 Voice
(972) 484-7743 Fax
(214) 519-1628 Mobile

In accordance with Internal Revenue Service Circular 230, we advise you that unless otherwise expressly stated, any discussion of a federal tax issue in this communication or in any attachment is not intended to be used, and it cannot be used, for the purpose of avoiding federal tax penalties.

Confidentiality Notice: This electronic transmission and any attached documents or other writings are intended only for the person or entity to which it is addressed and may contain information that is attorney work product, attorney-client privileged, confidential or otherwise protected from disclosure. If you have received this communication in error, please immediately notify sender by return e-mail and destroy or return the communication. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachments by anyone other than the named recipient is strictly prohibited

---

**From:** Pamela Enriquez <pamelaenriquezrn56@gmail.com>
**Sent:** Friday, June 28, 2024 1:00 PM
**To:** Tania Flores <tflores@hjmmlegal.com>
**Cc:** Mitchell Madden <mmadden@hjmmlegal.com>; Shawnte Kinney <skinney@hjmmlegal.com>; Melissa Johnson <melissa@hjmmlegal.com>
**Subject:** Re: No.

Hello good morning. I'm requesting a 30 day extension to respond to Liberty's discovery requests. Please let me know if Liberty opposes. Thank you.

Pam



On Fri, May 31, 2024 at 7:35 AM Tania Flores <[tflores@hjmmlegal.com](mailto:tflores@hjmmlegal.com)> wrote:

Good morning, Pam:

Please see the attached *Defendant's First Omnibus Discovery Requests.*  A copy will follow via first class mail.

*Tania Flores, Legal Secretary*

HOLMGREN JOHNSON: MITCHELL MADDEN, LLP

North Central Plaza III

12801 North Central Expressway

Suite 140

Dallas, Texas 75243

(972) 484-7780 Voice

(972) 484-7743 Fax

In accordance with Internal Revenue Service Circular 230, we advise you that unless otherwise expressly stated, any discussion of a federal tax issue in this communication or in any attachment is not intended to be used, and it cannot be used, for the purpose of avoiding federal tax penalties.

Confidentiality Notice: This electronic transmission and any attached documents or other writings are intended only for the person or entity to which it is addressed and may contain information that is attorney work product, attorney-client privileged, confidential or otherwise protected from disclosure. If you have received this communication in error, please immediately notify sender by return e-mail and destroy or return the communication. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachments by anyone other than the named recipient is strictly prohibited

**Tania Flores**

Exhibit

1-4

| | |
|---|---|
| **From:** | Pamela Enriquez <pamelaenriquezrn56@gmail.com> |
| **Sent:** | Thursday, July 18, 2024 12:22 PM |
| **To:** | Tania Flores |
| **Cc:** | Mitchell Madden; Shawnte Kinney; Melissa Johnson |
| **Subject:** | Re: No. 3:23-CV_00397; Enriquez v. Liberty Bankers Life Insurance Company |

Hello, good morning. I apologize for the delay. I will have my discovery responses returned to you by Monday 7/22 end of day.

Sincerely.
Pam

On Fri, Jun 28, 2024 at 3:04 PM Tania Flores <tflores@hjmmlegal.com> wrote:

Given the upcoming deadlines and mediation, our client is agreeable to an extension of your deadline to respond to the discovery currently due on July 1st until July 15, 2024.

**Melissa A. Johnson**

HOLMGREN JOHNSON: MITCHELL MADDEN, LLP

North Central Plaza III

12801 North Central Expressway

Suite 140

Dallas, Texas 75243

(972) 484-7780 Voice

(972) 484-7743 Fax

(214) 519-1628 Mobile

In accordance with Internal Revenue Service Circular 230, we advise you that unless otherwise expressly stated, any discussion of a federal tax issue in this communication or in any attachment is not intended to be used, and it cannot be used, for the purpose of avoiding federal tax penalties.

Confidentiality Notice: This electronic transmission and any attached documents or other writings are intended only for the person or entity to which it is addressed and may contain information that is attorney work product, attorney-client privileged, confidential or otherwise protected from disclosure. If you have received this communication in error, please immediately notify sender by return e-mail and destroy or return the communication. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachments by anyone other than the named recipient is strictly prohibited

**From:** Pamela Enriquez <pamelaenriquezrn56@gmail.com>
**Sent:** Friday, June 28, 2024 1:00 PM
**To:** Tania Flores <tflores@hjmmlegal.com>
**Cc:** Mitchell Madden <mmadden@hjmmlegal.com>; Shawnte Kinney <skinney@hjmmlegal.com>; Melissa Johnson <melissa@hjmmlegal.com>
**Subject:** Re: No.


Hello good morning. I'm requesting a 30 day extension to respond to Liberty's discovery requests. Please let me know if Liberty opposes. Thank you.


Pam

On Fri, May 31, 2024 at 7:35 AM Tania Flores <tflores@hjmmlegal.com> wrote:

Good morning, Pam:


Please see the attached *Defendant's First Omnibus Discovery Requests.* A copy will follow via first class mail.


*Tania Flores, Legal Secretary*

HOLMGREN JOHNSON: MITCHELL MADDEN, LLP

North Central Plaza III

12801 North Central Expressway

Suite 140

Dallas, Texas 75243

(972) 484-7780 Voice

(972) 484-7743 Fax

In accordance with Internal Revenue Service Circular 230, we advise you that unless otherwise expressly stated, any discussion of a federal tax issue in this communication or in any attachment is not intended to be used, and it cannot be used, for the purpose of avoiding federal tax penalties.

Confidentiality Notice: This electronic transmission and any attached documents or other writings are intended only for the person or entity to which it is addressed and may contain information that is attorney work product, attorney-client privileged, confidential or otherwise protected from disclosure. If you have received this communication in error, please immediately notify sender by return e-mail and destroy or return the communication. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachments by anyone other than the named recipient is strictly prohibited

**Exhibit**

**1-5**

| | |
|---|---|
| **From:** | Melissa Johnson |
| **Sent:** | Friday, July 19, 2024 9:48 AM |
| **To:** | Pamela Enriquez; Tania Flores |
| **Cc:** | Mitchell Madden; Shawnte Kinney |
| **Subject:** | Re: No. 3:23-CV_00397; Enriquez v. Liberty Bankers Life Insurance Company |

Dear Ms. Enriquez:

As you will recall, and as reflected below, our client was agreeable to extend the deadline for you to respond to the discovery for 2 weeks, but not beyond that, given the pending deadlines. Given your failure to timely provide discovery within that extended timeframe, our position is that all objections you may have to the discovery have been waived, that all responses must be made without objection, and that our requests for admissions have been deemed admitted. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) (as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived); Fed. R. Civ. P. 33(b)(4) ("Any ground [for an objection] not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *see also Pruitt v. FAB Tech. Downhole, LLC*, No. MO:22-CV-00151-DC-RCG, 2023 U.S. Dist. LEXIS 220346, at *3 (W.D. Tex. 2023):

> Specifically, as to requests for admission, Rule 36(a)(3) states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Therefore, all Plaintiff's requests for admission served on February 20, 2023 are deemed admitted. Fed. R. Civ. P. 36(a)(3). Further, "as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 283 (N.D. Tex. 2017) (quoting *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)); *see also Henderson v. Union Pac. R.R. Co.*, No. CV 15-0669, 2016 U.S. Dist. LEXIS 141360, 2016 WL 5936889, at *2 (W.D. La. Oct. 11, 2016) ("Although Rule 34 does not provide that untimely objections are waived, the Fifth Circuit has found that the waiver provision applies equally to Rule 34." (citing *In re United States*, 864 F.2d at 1156)). Thus, Defendant has also waived all objections to Plaintiff's interrogatories and requests for production served on February 20, 2023.

In the meantime, we anticipate receipt of your discovery responses and documents on Monday.

Sincerely,

Melissa Johnson

HOLMGREN JOHNSON: MITCHELL MADDEN, LLP
North Central Plaza III
12801 North Central Expressway
Suite 140
Dallas, Texas 75243

(972) 484-7780 Voice

(972) 484-7743 Fax

In accordance with Internal Revenue Service Circular 230, we advise you that unless otherwise expressly stated, any discussion of a federal tax issue in this communication or in any attachment is not intended to be used, and it cannot be used, for the purpose of avoiding federal tax penalties.

Confidentiality Notice: This electronic transmission and any attached documents or other writings are intended only for the person or entity to which it is addressed and may contain information that is attorney work product, attorney-client privileged, confidential or otherwise protected from disclosure. If you have received this communication in error, please immediately notify sender by return e-mail and destroy or return the communication. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachments by anyone other than the named recipient is strictly prohibited

**From:** Pamela Enriquez <pamelaenriquezrn56@gmail.com>
**Sent:** Thursday, July 18, 2024 12:22:20 PM
**To:** Tania Flores
**Cc:** Mitchell Madden; Shawnte Kinney; Melissa Johnson
**Subject:** Re: No. 3:23-CV_00397; Enriquez v. Liberty Bankers Life Insurance Company

Hello, good morning. I apologize for the delay. I will have my discovery responses returned to you by Monday 7/22 end of day.

Sincerely.
Pam

On Fri, Jun 28, 2024 at 3:04 PM Tania Flores <tflores@hjmmlegal.com> wrote:

> Given the upcoming deadlines and mediation, our client is agreeable to an extension of your deadline to respond to the discovery currently due on July 1st until July 15, 2024.

**Melissa A. Johnson**

HOLMGREN JOHNSON: MITCHELL MADDEN, LLP

North Central Plaza III

12801 North Central Expressway

Suite 140

Dallas, Texas 75243

(972) 484-7780 Voice

(972) 484-7743 Fax

(214) 519-1628 Mobile

In accordance with Internal Revenue Service Circular 230, we advise you that unless otherwise expressly stated, any discussion of a federal tax issue in this communication or in any attachment is not intended to be used, and it cannot be used, for the purpose of avoiding federal tax penalties.

Confidentiality Notice: This electronic transmission and any attached documents or other writings are intended only for the person or entity to which it is addressed and may contain information that is attorney work product, attorney-client privileged, confidential or otherwise protected from disclosure. If you have received this communication in error, please immediately notify sender by return e-mail and destroy or return the communication. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachments by anyone other than the named recipient is strictly prohibited

**From:** Pamela Enriquez <pamelaenriquezrn56@gmail.com>
**Sent:** Friday, June 28, 2024 1:00 PM
**To:** Tania Flores <tflores@hjmmlegal.com>
**Cc:** Mitchell Madden <mmadden@hjmmlegal.com>; Shawnte Kinney <skinney@hjmmlegal.com>; Melissa Johnson <melissa@hjmmlegal.com>
**Subject:** Re: No.

Hello good morning. I'm requesting a 30 day extension to respond to Liberty's discovery requests. Please let me know if Liberty opposes. Thank you.

Pam

On Fri, May 31, 2024 at 7:35 AM Tania Flores <tflores@hjmmlegal.com> wrote:

Good morning, Pam:

Please see the attached *Defendant's First Omnibus Discovery Requests.* A copy will follow via first class mail.

*Tania Flores, Legal Secretary*

HOLMGREN JOHNSON: MITCHELL MADDEN, LLP

3

North Central Plaza III

12801 North Central Expressway

Suite 140

Dallas, Texas 75243


(972) 484-7780 Voice

(972) 484-7743 Fax

In accordance with Internal Revenue Service Circular 230, we advise you that unless otherwise expressly stated, any discussion of a federal tax issue in this communication or in any attachment is not intended to be used, and it cannot be used, for the purpose of avoiding federal tax penalties.

Confidentiality Notice: This electronic transmission and any attached documents or other writings are intended only for the person or entity to which it is addressed and may contain information that is attorney work product, attorney-client privileged, confidential or otherwise protected from disclosure. If you have received this communication in error, please immediately notify sender by return e-mail and destroy or return the communication. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachments by anyone other than the named recipient is strictly prohibited

**Tania Flores**

**Exhibit**

**1-6**

| | |
|---|---|
| **From:** | Melissa Johnson |
| **Sent:** | Monday, August 12, 2024 11:38 AM |
| **To:** | Pamela Enriquez |
| **Cc:** | Mitchell Madden; Shawnte Kinney; Tania Flores |
| **Subject:** | Overdue Outstanding Discovery in Enriquez v. Liberty Bankers Life Insurance Company |

Ms. Enriquez:

This letter is an attempt to confer in good faith to obtain discovery from you without the necessity of Court intervention.

We do not show that we have yet received any responses, answers, or production from you despite our agreement to extend the deadline for you to respond to Liberty's First Omnibus Discovery Requests to you until July 15, 2024. If this is incorrect, please let me know and provide proof of service.

Otherwise, please be advised that if we do not receive the discovery from you by the end of the day on Wednesday, August 14th, our client intends to file a motion to compel you to produce the discovery with the Court. In and by that motion, Liberty also plans to ask for sanctions under Fed. R. Civ. P. 37 for your failure to comply with the discovery obligations set forth in the Federal Rules of Civil Procedure, including its reasonable attorneys' fees caused by your failure to comply.

Sincerely,


Melissa Johnson

HOLMGREN JOHNSON: MITCHELL MADDEN, LLP
12801 N. Central Expressway, Suite 140
Dallas, Texas 75243

(972) 484-7780 Voice
(972) 484-7743 Fax

In accordance with Internal Revenue Service Circular 230, we advise you that unless otherwise expressly stated, any discussion of a federal tax issue in this communication or in any attachment is not intended to be used, and it cannot be used, for the purpose of avoiding federal tax penalties.
Confidentiality Notice: This electronic transmission and any attached documents or other writings are intended only for the person or entity to which it is addressed and may contain information that is attorney work product, attorney-client privileged, confidential or otherwise protected from disclosure. If you have received this communication in error, please immediately notify sender by return e-mail and destroy or return the communication. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachments by anyone other than the named recipient is strictly prohibited.

**Tania Flores**

**Exhibit**

**1-7**

exhibitsticker.com

| | |
|---|---|
| **From:** | Melissa Johnson |
| **Sent:** | Friday, August 16, 2024 5:13 PM |
| **To:** | Pamela Enriquez |
| **Cc:** | Mitchell Madden; Shawnte Kinney; Tania Flores |
| **Subject:** | Enriquez v. Liberty Bankers Life Insurance |
| **Attachments:** | Motion to Compel and for Sanctions mj.docx |

In a further good faith effort to confer with you prior to filing Liberty's motion to compel and for sanctions, I have attached a <u>draft</u> of that motion.  Our office also attempted to call you but was unable to leave a message.

Without waiver of Liberty's right to seek leave to conduct additional depositions after the discovery deadline and to seek leave to file its dispositive motion after the deadline for same, Liberty will not file its Motion if the Omnibus Discovery answers and responsive information is produced to us in full before 4:00 P.M. on Monday, August 19th.

Melissa Johnson

HOLMGREN JOHNSON: MITCHELL MADDEN, LLP

12801 N. Central Expressway, Suite 140

Dallas, Texas 75243

(972) 484-7780 Voice

(972) 484-7743 Fax

In accordance with Internal Revenue Service Circular 230, we advise you that unless otherwise expressly stated, any discussion of a federal tax issue in this communication or in any attachment is not intended to be used, and it cannot be used, for the purpose of avoiding federal tax penalties.

Confidentiality Notice: This electronic transmission and any attached documents or other writings are intended only for the person or entity to which it is addressed and may contain information that is attorney work product, attorney-client privileged, confidential or otherwise protected from disclosure. If you have received this communication in error, please immediately notify sender by return e-mail and destroy or return the communication. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachments by anyone other than the named recipient is strictly prohibited.

**Exhibit**

**1-8**

exhibitsticker.com

# MELISSA A. JOHNSON

Holmgren Johnson: Mitchell Madden, LLP

12801 North Central Expressway, Suite 140, Dallas, Texas 75243 | melissa@hjmmlegal.com | (972) 484-7780

Ms. Johnson is a partner in Holmgren Johnson: Mitchell Madden, LLP ("HJMM"). She attended high school in Garland, Texas graduating from South Garland High School in 1982. Ms. Johnson attended the University of Oklahoma, where she was a member of the Honor's study program, a member of the Scholarship, Leadership, Enrichment Program, named to Mortar Board as one of the top twenty women on campus, was an officer of Kappa Delta Sorority and became Vice-President of the student body. Ms. Johnson received a Ewing Scholarship from the University to work for Congressman Mike Synar in Washington, D.C. Ms. Johnson graduated in 1985 from the University of Oklahoma with a Bachelor's of Arts in Economics, with high honors.

Ms. Johnson attended law school at the University of Texas beginning in May 1987, graduating with her Juris Doctor in July 1989. During law school, Ms. Johnson clerked for a law firm in Austin, Texas. During her time in law school, Ms. Johnson received an Achievement Award, indicating the highest score in the class, for Economic and Joint Security Policymaking, in a joint class between the law school and the program for Masters of Business Administration. Ms. Johnson was licensed to practice law in Texas in November 1989.

Prior to forming HJMM with her two (2) partners in 2014, Ms. Johnson practiced law with the Law Offices of Mitchell Madden, and before that with Madden Sewell, LLP beginning in 2006. After graduating from law school, Ms. Johnson practiced with the law firm of Kilgore & Kilgore in Dallas, Texas, where she became a partner in 1995. After leaving Kilgore & Kilgore in 1996 to start a family, Ms. Johnson resumed the full-time practice of law in 2006.

Ms. Johnson has provided representation in a broad range of civil litigation matters including providing representation to, among others, the manufacturer of commercial explosives in a civil antitrust lawsuit in which a $488.5 million judgment was entered, publicly traded real estate, investment and management companies, a multi-billion life insurance company and its subsidiaries, automobile dealerships in both civil litigation and administrative law matters, shareholders in securities fraud litigation, and both employers and employees in employment related matters. Ms. Johnson has also represented clients in matters involving intellectual property issues.

Ms. Johnson is also a skilled appellate advocate.  She has drafted countless appellate briefs for clients in numerous appeals, on both the appellant and appellee side of the case, involving a wide variety of issues including, among other things, contracts, torts, oil and gas, real estate, legal malpractice, employment law and statutory and procedural matters. Ms. Johnson has previously collaborated on briefing with a former Chief Justice of the Texas Supreme Court, and a current Justice on the Texas Supreme Court, who recommended Ms. Johnson for admission and qualification before the United States Supreme Court.  Ms. Johnson has presented oral argument on behalf of her clients in the Fifth Circuit Court of Appeals and the Dallas Court of Appeals.

Ms. Johnson is licensed as an attorney by the State of Texas.  Ms. Johnson has been admitted to practice before the United States Supreme Court, the United States Court of Appeals for the Fifth Circuit and the United States District Courts for the Northern, Southern, and Eastern Districts of Texas.

**Exhibit**

**1-9**

# NARRATIVE BIOGRAPHY

Mitchell Madden was born on May 5, 1959, in Virginia Beach, Va. Mr. Madden and attended high school in the Richardson School District, Dallas County, Texas; graduating in 1977.

Mr. Madden attended Southern Methodist University, where he was the President of the Delta Pi Chapter of the Kappa Sigma International Fraternity. Mr. Madden graduated in 1982 with a B.B.A. (emphasis in Accounting), a B.A. in Philosophy, and a minor in History.

Upon graduation, Mr. Madden was employed by the international accounting firm of Panell, Kerr, Forster as an associate accountant in the Tax Department of its Dallas office.

In October 1983, Mr. Madden resigned from Panell, Kerr, Forster to attend the Baylor School of Law in Waco, Texas. Mr. Madden graduated from the Baylor School of Law in February, 1986; ranking 11th in a class of 110. During his tenure at the Baylor School of Law, Mr. Madden was the recipient of numerous academic awards and certificates, including "High A" Designations and Honor Roll. Additionally, Mr. Madden was a participant in the law school's Interscholastic Regional Client Counseling and National Mock Trial Teams and was a finalist in the school's Moot Court Competition. As a result, Mr. Madden was named to the Baylor and National Order of Barristers in 1986.

Upon graduation, Mr. Madden became an associate in the Law Offices of R. Jack Ayres, Jr., P.C. in Dallas, Texas. That firm specialized in personal injury and business litigation. Mr. Madden was licensed by the State Bar of Texas in May, 1986 and, from that time until August, 1988, had direct involvement in cases resulting in settlements or judgments in excess of $20 million. During that time, Mr. Madden had "first chair" responsibility for cases which resulted in settlements or judgments in excess of $1 million.

In September, 1988, Mr. Madden joined the Law Offices of David R. Sapp, maintaining offices in both Dallas and Austin, Texas. In January, 1991, Mr. Madden became a partner in the firm of Sapp & Madden, L.L.P. Mr. Sapp, based on his experience as Assistant Executive Director of the Texas Automobile Dealers Association, represented hundreds of automobile dealership operations. Throughout his association with Mr. Sapp and since that time, Mr. Madden has provided legal representation to automobile dealers and dealership operations, large and small, throughout the State of Texas in virtually every facet of dealership operations including, but not limited to: State regulatory and licensing matters; dealer-manufacturer relationships and franchise law; dealer-consumer litigation; and general corporate and administrative matters.

V:\Madden\Resume\madden.narrativeblowpd.docx

**Exhibit**

**A**

In 1992, Mr. Madden was first certified, and is currently certified, by the Texas Board of Legal Specialization in Administrative Law. Mr. Madden was recertified in 1997, 2002, 2007 and 2012. Information regarding this certification is available at www.tbls.org/About.aspx.

In 1993, Mr. Madden relocated to his native city, Dallas, Texas and formed Madden & Nye LLP. Since that time, Mr. Madden has remained in Dallas, Texas primarily as a solo practitioner doing business as the Law Offices of Mitchell Madden. By 2000, the Law Offices of Mitchell Madden had three associate lawyers and three lawyers of counsel. In October of 2005, Mr. Madden together with Cameron D. Sewell, as co-managing partners, formed MaddenSewell LLP.

Effective January 1, 2011, Mr. Madden reconstituted the Law Offices of Mitchell Madden which offers a broad range of legal services including general civil and complex business litigation.

Mr. Madden practices and continues to emphasize his administrative law practice in addition to a general civil trial practice with emphasis on business and commercial litigation. Mr. Madden also has extensive experience acting in the capacity of general corporate counsel for small business clients. Such services provided to both corporations and limited liability companies include but are not limited to: initial formation, structure and organization; contract negotiation and preparation; development of internal administrative record keeping and policies and procedures; formulation and implementation of business plans; trade secret protection and covenants not to compete; and formal record keeping.

Mr. Madden is a Certified Public Accountant licensed by the State Board of Accountancy of Texas.[1] Mr. Madden was also licensed by the Supreme Court of the State of Idaho in October, 1993 and is currently an associate member of the Idaho State Bar. Mr. Madden is admitted to practice in the State Courts of Texas and Idaho and has also been admitted to practice in the Fifth and Eleventh Circuits of the United States Courts of Appeals and in the United States District Courts for the Northern, Eastern and Western Districts of Texas.

---

[1] Mr. Madden claims an exemption for continuing professional education requirements in that he is not actively engaged in the practice of public accounting or solicit clients for public accounting services.
V:\Madden\Resume\madden.narrativeblowpd.docx

**Exhibit**

**1-10**

exhibitsticker.com

---

Selection Criteria

---

Slip.Record ID
Slip.Classification       Open

---

Rate Info - identifies rate source and level

| Slip ID<br>Dates and Time<br>Posting  Status<br>Description | Timekeeper<br>Activity<br>Client<br>Reference | Units<br>DNB Time | Rate<br>Rate Info<br>Bill  Status | Slip Value |
|---|---|---|---|---|
| 79452<br>6/28/2024<br>Billed     G:14229     6/30/2024<br>Four email exchanges regarding extension request<br>and response | TIME<br>MM<br>Legal<br>Liberty/Enriquez | 0.10<br>0.00 | 365.00<br>T@2 | 36.50 |
| 79475<br>6/28/2024<br>Billed     G:14229     6/30/2024<br>Correspond and draft response regarding Enriquez<br>request for extension to respond to discovery (12) | TIME<br>MAJ<br>Legal<br>Liberty/Enriquez | 0.20<br>0.00 | 315.00<br>T@2 | 63.00 |
| 79714<br>7/17/2024<br>WIP<br>Correspondence from Enriquez regarding untimely<br>discovery responses | TIME<br>MAJ<br>Legal<br>Liberty/Enriquez | 0.10<br>0.00 | 315.00<br>T@2 | 31.50 |
| 79716<br>7/18/2024<br>WIP<br>Draft correspondence to Enriquez and research<br>regarding same regarding discovery (36) | TIME<br>MAJ<br>Legal<br>Liberty/Enriquez | 0.60<br>0.00 | 315.00<br>T@2 | 189.00 |
| 80659<br>7/18/2024<br>WIP<br>Three email exchanges | TIME<br>MM<br>Legal<br>Liberty/Enriquez | 0.10<br>0.00 | 365.00<br>T@2 | 36.50 |
| 79675<br>7/19/2024<br>WIP<br>Correspond with Enriquez regarding discovery | TIME<br>MAJ<br>Legal<br>Liberty/Enriquez | 0.10<br>0.00 | 315.00<br>T@2 | 31.50 |
| 80593<br>8/16/2024<br>WIP<br>Draft motion to compel, for extension and for<br>sanctions and research related thereto (3.4); | TIME<br>MAJ<br>Legal<br>Liberty/Enriquez | 3.50<br>0.00 | 315.00<br>T@2 | 1102.50 |

| Slip ID | Timekeeper | Units | Rate | Slip Value |
|---|---|---|---|---|
| Dates and Time | Activity | DNB Time | Rate Info | |
| Posting Status | Client | | Bill Status | |
| Description | Reference | | | |

correspond regarding same (06);

Grand Total

| | | Billable | 4.70 | 1490.50 |
|---|---|---|---|---|
| | | Unbillable | 0.00 | 0.00 |
| | | Total | 4.70 | 1490.50 |